# Cooper *v.* The State.

*Indictment for Seduction.*

90 641
118 97

1. *Seduction under promise of marriage.*—To authorize a conviction for seduction under promise of marriage (Code, § 4015), the promise or engagement of marriage must be the moving cause of the subsequent illicit intercourse—they must stand to each other in the relation of cause to effect; and proof of the promise and of subsequent criminal intercourse does not necessarily make out the offense.

2. *Evidence corroborating prosecutrix.*—The statute expressly provides that "a conviction shall not be had on the uncorroborated testimony of the woman;" and the corroborative evidence is not sufficient, unless it is in a matter material to the issue, tends to connect the defendant with that material matter, and satisfies the jury that the woman has sworn truly.

3. *Evidence as to preparations for marriage.*—A sister of the prosecu-

41

[Cooper v. The State.]

trix can not testify, on the part of the State, that the prosecutrix "got a dress made ready for the marriage," unless some act or knowledge on the past of the defendant is shown connecting him with the procurement of the dress as a bridal costume.

4. *Evidence impeaching witness.*—A note written by a witness is not admissible as evidence for the purpose of impeaching his testimony on the stand, unless his attention has been first called to it, thereby giving him an opportunity to explain it.

FROM the Criminal Court of Jefferson.
Tried before the Hon. S. E. GREENE.

DANIEL A. GREENE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The defendant was indicted and convicted of the crime of seduction. The indictment charges that the seduction was accomplished "by means of temptation, deception, arts, flattery, or a promise of marriage."—Code of 1886, § 4015. The means relied on to procure a conviction in this case, was mainly an alleged promise of marriage. The only evidence that such promise was made, is the testimony of the woman who is charged to have been seduced. The statute provides that "no conviction shall be had under this section on the uncorroborated testimony of the woman, upon whom the seduction is charged."

As we have said, it is claimed in this case, that there was a promise of marriage, and that promise was the means by which the alleged seduction was accomplished. This was the question mainly controverted. To justify defendant's conviction on this ground, it was necessary that the jury should be convinced, beyond a reasonable doubt, that there was a marriage engagement between the defendant and the prosecuting witness, and that, in consequence of such engagement, she surrendered her person to the gratification of his animal passions. Promise of marriage, and subsequent illicit cohabitation, are not necessarily sufficient to make out the offense. They must stand to each other as cause and effect; that is, the one must be the exciting, or producing cause of the other, or this statutory crime is not committed. It is only when a virtuous woman is overcome or seduced by one or more of the means mentioned in the statute, that the case falls within section 4015 of the Code.—*People v. Clark*, 33 Mich. 112; *Jacobs v. State*, 29 Ohio, 542; Bish. Stat. Crimes (2d Ed.), § 638. Nor can a conviction be had on the uncorroborated testimony of the person alleged to have been seduced. There must be corroboration by some other witness, as to some act, or fact, which is

VOL. XC.

[Cooper v. The State.]

an element of the offense charged; and such corroboration must tend to connect the accused with such elemental act, or fact. In other words, "the corroboration (must) be such as to convince the jury beyond reasonable doubt that the witness swore truly; but, to produce this conviction, it must be in a matter material to the issue, and must tend to connect the defendant with that material matter."—*Cunningham v. State*, 73 Ala. 51. See, also, *Wilson v. State*, Ib. 527; *Leoni v. State*, 44 Ala. 110.

The sister of the prosecutrix was permitted to testify, against defendant's objection, that "Lula Cruse [prosecutrix] got a dress made ready for the marriage." This testimony was clearly illegal. The witness could not know for what purpose her sister procured the dress to be made, unless it was on that sister's information. This made it hearsay. Such fact could not legally be proved as a criminating fact against the defendant, unless by some act or knowledge of his he was shown to have been connected with its procurement as a bridal costume. It could not tend to corroborate Lula Cruse's testimony on any material, lawful subject of inquiry, or, in the remotest degree, tend to connect the accused with the commission of the offense.

The note of July 20th, alleged to have been written by Vann, was irrelevant and illegal. We are not informed for what purpose it was offered. If the intention was to contradict anything testified to by Vann, it was not admissible for that purpose, if for no other reason, because his attention had not been first called to it, that he might have an opportunity of explaining it.—3 Brick. Dig. 828, §§ 96, 104.

When a pure, modest and chaste woman is so manipulated by the arts and wiles of man as to be thereby overcome and caused to fall from virtue's high estate, a great moral and social crime is committed, for the repression of which our statute has enacted a justly severe punishment. Juries should not hesitate to enforce this law, when the testimony leaves no reasonable doubt of its violation. On the other hand, if, after giving full consideration to all the facts and circumstances, the charge is not so proved as to leave no reasonable doubt that the false fatal step of the woman was caused by the wiles, arts, blandishments, or machinations of the man, then, although another offense may have been committed, the charge of seduction is not legally proved. The observations of Lord Hale in reference to accusations of rape are, in such case, particularly applicable, and ought to be remembered: "the accusation is easily made, hard to be proved, and harder to be defended,

[Downey v. The State.]

or disproved by the party accused, though ever so innocent."
*Wilson v. State*, 73 Ala. 527, 533.

Reversed and remanded.