La Rosae v. The State.

No. 16,643.

## LA ROSAE v. THE STATE.

CRIMINAL LAW.—*Seduction.—Evidence.—Sufficiency of to Warrant a Conviction.*—In a criminal action for seduction, the only evidence introduced to corroborate the testimony of the prosecutrix was the testimony given by Charles Simon, of a conversation with the appellant, in which the appellant said: "That Ella was a good girl, and he expected to make her Mrs. La Rosae."

*Held,* that the evidence of the prosecutrix was not sufficiently corroborated to authorize a conviction under section 1807, R. S. 1881.

From the Noble Circuit Court.

*L. H. Wrigley,* for appellant.

*L.D.Fleming,* Prosecuting Attorney, and *H. C. Peterson,* for the State.

MILLER, J.—The appellant was prosecuted and convicted for the seduction of a female of good repute for chastity and under the age of twenty-one years.

The sufficiency of the evidence to sustain the verdict of the jury is the only question presented by the record.

The point made by counsel for appellant is that the evidence of the prosecutrix is not corroborated in accordance with the provision of section 1807, R. S. 1881, which is as follows:

"In prosecutions for seduction, and for enticing and taking away a female for the purposes of prostitution, the evidence of the female must be corroborated to the extent required as to the principal witness in cases of perjury."

Several witnesses were placed upon the stand to show the good repute of the prosecuting witness for chastity, but the only evidence introduced to corroborate the testimony of the prosecutrix, is contained in the evidence given by Charles Simon, of a conversation with the appellant on the street, about the 20th of December, 1891, in which appellant said "that Ella was a good girl and he expected to make her Mrs. La Rosae."

Assuming that this evidence tends to corroborate the testimony of the prosecutrix, that her seduction was accomplished under promise of marriage, the question arises whether a corroboration of her testimony as to one of the material elements necessary to make up the crime, is a sufficient compliance with the requirements of the statute above cited.

So far as we have been able to discover, this statute has never been judicially construed by the courts of this State, but provisions bearing more or less similarity have been, not infrequently, before the courts in other jurisdictions, and we are therefore not without the assistance afforded by adjudged cases.

The statute of Minnesota provides that "No conviction shall be had under the provisions of this section on the testimony of the female seduced, unsupported by other evidence."

In construing this statute in *State* v. *Timmens*, 4 Minn. 325 (332), the court said:

"A conviction can not be had under this statute upon the testimony of the woman seduced unless she is corroborated upon every material point necessary to the perfection of the offence, to wit: the promise to marry, the seduction under such promise, and the previous chaste character of the party seduced."

This case was cited with approval in *State* v. *Brinkhaus*, 34 Minn. 285.

In New York the statute declared that "No conviction shall be had on the testimony of the female seduced, unsupported by other evidence."

In *Kenyon* v. *People*, 26 N. Y. 203, the court held that no corroboration was necessary upon the points that she was an unmarried female of previous chaste character, saying, "It was only necessary that she should be supported by direct evidence or proof of circumstances, as

to the facts constituting the crime. These were the promise and the intercourse."

This construction was adhered to in the subsequent cases of *Armstrong* v. *People,* 70 N. Y. 38; and *People* v. *Plath,* 100 N. Y. 590.

In North Carolina the statute provides that " The unsupported testimony of the woman shall not be sufficient to convict."

In *State* v. *Ferguson,* 107 N. C. 841, the trial court instructed the jury that criminal seduction was made up of three ingredients: (1) There must be the act of sexual intercourse. (2) The act must be committed under promise of marriage. (3) The woman must be in the character of an innocent woman; and that if the prosecutrix was supported as to the truth of the existence of any one of these ingredients the case was brought within the provisions of the act.

This instruction was held to be erroneous, the court saying, in substance, that supporting proof of some of the ingredients was not sufficient to sustain prosecution. The defendant admitted the act of sexual intercourse, but this was decided not to be a sufficient corroboration.

The statute of New Jersey provides that in such cases, " the evidence of the female must be corroborated to the extent required in case of indictment for perjury."

In *Zabriskie* v. *State,* 43 N. J. (Law) 640, the court held that in order to warrant a conviction under this statute the following facts must appear:

" 1. The defendant must be a single man over the age of eighteen.

" 2. The female must be a single woman.

" 3. She must be under the age of twenty-one.

" 4. She must be of good repute for chastity.

" 5. The sexual intercourse must have been had under a promise of marriage.

" 6. She must thereby become pregnant.

La Rosae *v.* The State.

"7. The evidence of the female must be corroborated to the extent required in case of indictment for perjury."

In the course of the opinion the court said:

"Error is also assigned upon the charge of the court to the jury as to the necessary corroboration of the prosecutrix.

"Our statute requires that the evidence of the female shall be corroborated to the extent required in case of indictment for perjury.

"The test of the correctness of the charge will be, whether the matter submitted to the jury as corroborated in this case would be sufficient, with the oath of the female, to convict the defendant of perjury in swearing that there was not a promise of marriage.

"Formerly, it required the testimony of two witnesses to convict of perjury, but the rule has been so far relaxed as to permit a conviction upon the oath of one witness supported by proof of strong corroborating circumstances of such a character as clearly to turn the scale and overcome the oath of the defendant and the legal presumption of his innocence.

"A larger measure of corroboration is requisite than that which is essential to support the testimony of an accomplice against his confederates in crime; something more than the mere weight of evidence in favor of the State.

"Such evidence will satisfy the New York statute, which simply requires the evidence of the female to be supported. *Kenyon* v. *People*, 26 N. Y. 204; *Boyce* v. *People*, 55 N. Y. 644.

"Our statute is manifestly intended to be more exacting."

The court also says:

"If it be said that this interpretation of the statute will render it difficult to convict, the answer is that the framer of the act did not insert this clause as to corroboration for the purpose of making conviction easy."

The statute under which this case was decided is so similar to our own, so far as it relates to the question before us, as to make the case very much in point.

In accordance with what we regard as the overwhelming weight of authority, we hold that the evidence of the prosecutrix was not sufficiently corroborated to sustain a conviction.

The judgment is reversed with instructions to grant the defendant a new trial, and for further proceedings in accordance with this opinion.

