THE STATE OF IOWA, Appellee, v. RICHARD LENIHAN, Appellant.

1. **Seduction**: CORROBORATION OF PROSECUTRIX: EVIDENCE: RES GESTÆ. In a prosecution for seduction, a fact testified to by the prosecutrix alone can not be considered as sufficient corroboration of her other testimony, under the statute requiring corroboration in such cases. Accordingly, where it was claimed that the seduction was accomplished by a promise of marriage, *held*, that the testimony of the prosecutrix, to the effect that, prior to the sexual intercourse, she had bought a wedding dress, was not admissible to corroborate her testimony as to the promise; nor was it admissible as part of the *res gestæ*.

2. ———: CHASTITY OF PROSECUTRIX: EVIDENCE. Where, in a prosecution for seduction, the defendant in his evidence attacks the chastity of the prosecuting witness, by attempting to show that she really invited the sexual intercourse which resulted in her ruin, the state may properly be permitted, in rebuttal, to introduce witnesses to show that she was of chaste character.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

TUESDAY, OCTOBER 3, 1893.

THE defendant was indicted, tried, convicted, and sentenced for seducing one Bridget Dunley, who is alleged to have been an unmarried woman, of previously chaste character. The defendant appeals.—*Reversed.*

*James E. Bruce* and *Willard & Willard*, for appellant.

*John Y. Stone*, Attorney General, *Sayles & Hinkson* and *Thos. A. Cheshire*, for the State.

ROTHROCK, J.—The case is presented to this court on quite a voluminous record. There are multitudes of objections and exceptions to the rulings of the court. Scores of these exceptions were evidently taken "out of abundant caution of counsel," as it is sometimes expressed, and without expectation that they will receive serious consideration in this court. We will pass many of the questions made without further mention, and proceed to consider such as we *think* demand the attention of this court.

It is claimed that the defendant seduced the plaintiff by a promise of marriage. Much of the argument of counsel for the defendant is addressed to the point that there was not sufficient evidence to sustain the verdict. We need not set out the evidence in detail. Much of the argument in reference thereto might well be addressed to a jury. It is enough to say here that, although it is true that the prosecuting witness was more than thirty years old when she claims that she was seduced, there is nothing in the record to warrant the assertion of counsel for the appellant that the defendant was an unsophisticated and susceptible boy. It

does not appear that he was even a novice in the matter of associating with young women. He was of sufficient age to carry on a harness shop, and his love letters, written to the prosecuting witness, in which he addressed her as "Dear Bid," "Darling Bid," and used such expressions as that "I am dead to see you," and "it does me lots of good to hear from your own dear self," and "I am well, but very lonesome after you. A big, ilegant kiss from your solid boy,"—these letters, with other admissions made by the defendant, were abundantly sufficient to authorize a finding by the jury that the testimony of the prosecuting witness that there was a marriage contract was corroborated as required by statute. It is true that the defendant, in his testimony as a witness, denied that there was at any time any marriage engagement; and the defense was really placed upon the ground that there was no seduction, but that the prosecuting witness, by her attention to the defendant, in effect, invited sexual intercourse between the parties.

I. We come now to the first question which appears to us to demand consideration. During the examina-

1. SEDUCTION: corroboration of prosecutrix: evidence: res gestæ. tion of the prosecuting witness she was asked the question if, at any time prior to the sexual intercourse between her and the defendant, she had made any preparation for her marriage with the defendant. She was allowed to answer this question, over the defendant's objection, as follows: "Yes, sir; I bought a dress in Omaha to wear for a wedding dress." It is claimed that this ruling was erroneous. We think the position is well taken. In the argument for the state the ruling is sought to be maintained on the ground that the purchase of the wedding dress is part of the *res gestæ*. It appears to us that it is far remote from anything pertaining to the subject-matter. The general definition of *"res gestæ"* is "the subject-matter or thing done." The rule invoked by

counsel for the state is, as we understand it, peculiar to actions for breach of marriage contracts; and our attention has not been called to any case in which it has been applied to preparations for marriage, in connection with a criminal prosecution for seduction. It appears to us that if the prosecuting witness was allowed to testify to preparations for marriage, in such case, it would not corroborate her testimony. It is merely her statement in corroboration of herself. It is not claimed that the defendant had any knowledge of the purchase of the wedding dress.

It is claimed that this evidence was without prejudice, because the marriage engagement was well established by other evidence. This view of the question might be entertained if it were not for the fact that the defendant, in his evidence, positively denied that there was at any time any marriage contract. It was a fair case of conflict of evidence upon a vital question in the case, and in our opinion it was reversible error to admit this evidence. If we were to hold that it was competent, we would open up the way for manufacturing evidence in cases of this character. A fact testified to by the prosecutrix alone can not be considered as sufficient corroboration of her other testimony. *State v. Kingsley,* 39 Iowa, 439.

II. We have carefully examined the instructions given by the court to the jury and find no error in them; and, in view of all the facts in the case, we do not think that the defendant was prejudiced in any other ruling on the evidence than that above considered. As we understand the evidence for the defendant, it, in effect, was an attack upon the chaste character of the prosecuting witness, by showing that she really invited the sexual intercourse which resulted in her ruin. In this view of the case, there was no error in permitting the state to call witnesses in

c. ——: chastity of prosecutrix: evidence.

rebuttal to show that she was of chaste character. *State v. Shean*, 32 Iowa, 88; *State v. Prizer*, 49 Iowa, 531.

As the case must be reversed for the error above pointed out, it is not necessary to determine certain questions arising upon alleged misconduct of some of the jurors during their deliberation upon the case. The judgment of the district court is REVERSED.