THE STATE OF IOWA, Appellee, v. C. A. BUXTON, Appellant.

1. **Practice**: RE-EXAMINATION OF JURORS: DISCRETION OF COURT. After a juror has once been examined and passed for cause, the allowance of a subsequent examination, upon a point overlooked by counsel in his first examination is a matter resting within the discretion of the court.

2. **Seduction**: CHASTITY OF PROSECUTRIX: REFORMATION: INSTRUCTIONS TO JURY. Where in a prosecution for seduction there was evidence of the previous unchaste character of the prosecutrix, and no evidence of reformation, *held*, that an instruction to the jury that, if they believed the evidence of the unchastity of the prosecutrix, then she was unchaste at the time of the alleged seduction, "unless she had reformed," was erroneous.

3. ———: EVIDENCE OF PREPARATIONS FOR MARRIAGE. Proof of preparations by the prosecutrix to marry the defendant in a criminal prosecution for seduction is inadmissible.

*Appeal from Jones District Court.*—HON. J. D. GIFFEN,
Judge.

TUESDAY, JANUARY 16, 1894.

THE defendant was indicted, tried, and convicted
of the crime of seduction, and judgment entered against
him, from which he appeals.—*Reversed.*

*Welch & Welch,* for appellant.

*John Y. Stone,* Attorney General, and *Thomas A.
Cheshire* for the state.

GIVEN, J.—I.   In impaneling the jury, one Young
was called as talesman, and, after examination, was
1. PRACTICE: re-   passed for cause.   Afterward, and after
examination of
jurors: discre-   another juror had been examined and
tion of court.   passed for cause, and another peremptory
challenge made, the defendant asked leave to further
examine Mr. Young for cause, to show that he had
served in that court as talesman within one year,
counsel stating that that "fact was overlooked in the
examination for cause."   The court refused the leave
asked, and thereupon the defendant challenged Mr.
Young peremptorily, and thereafter exercised his only
remaining peremptory challenge.  The appellant assigns
this refusal as error.   It is conceded that it was within
the discretion of the court whether to grant the leave
asked.   There is nothing appearing to show an abuse
of that discretion, therefore the judgment can not be
disturbed on this ground.

The appellant complains of certain rulings of the
court sustaining objections to questions put by him to
the witnesses.   They are not questions that will
necessarily arise upon a retrial, and, as we conclude
that the case must be reversed, it is unnecessary that
we consider those questions.

In the eighth paragraph of the charge, the court,

after instructing that the prosecutrix was presumed to have had a previously chaste character, and that the burden was on the defendant to overcome this presumption, instructed as follows: "In this case there has been evidence offered tending to show that the prosecutrix, sometime prior to the time of the alleged seduction, had sexual intercourse with one Lee Wilbur; and, if you believe this, then she would be of unchaste character at the time of the alleged seduction by defendant, unless she had reformed, and then he could not be convicted." No evidence whatever was offered by the state with a view to establish reformation. The prosecution was upon the basis that the prosecutrix had always been of chaste character up to the time of the alleged seduction. While the instruction states the law correctly, we think it was inapplicable to this case, as there was no claim nor evidence of reformation.

*2. SEDUCTION: chastity of prosecutrix: reformation: instructions to jury.*

III. Another error appearing in the record demands attention, though not assigned as error nor argued. In criminal cases we are required to consider all errors appearing in the record.

*3. ——: evidence of preparations for marriage.*

The prosecutrix having testified that she did get ready to marry the defendant; that she did up her sewing, and had everything ready; and that her sister stayed at home, and sewed steadily for her for a week, counsel for the defendant objected "to anything that she and her sister did, as being incompetent and immaterial," which objection was overruled. The objection is hardly as explicit and well-timed as it should have been, but the defendant fairly raises the question of the right of the state to prove preparations by the prosecutrix for marrying the defendant. In *State v. Lenihan*, 88 Iowa, 670, this court held that such evidence was not admissible in a prosecution of this kind.

For the errors pointed out, the judgment of the district court is REVERSED.