[Crim. No. 1052.   Department Two.—April 28, 1904.]

## THE PEOPLE, Respondent, v. CHARLES O. TIBBS, Appellant.

CRIMINAL LAW—SEDUCTION UNDER PROMISE OF MARRIAGE—EVIDENCE—SUBSEQUENT PREPARATION FOR MARRIAGE—KNOWLEDGE OF DEFENDANT NOT SHOWN.—Upon the trial of a defendant charged with seduction of the prosecutrix under a promise of marriage, evidence is not admissible to prove subsequent preparations for marriage by the prosecutrix and her mother in sewing and making clothes therefor, occurring several months after the alleged seduction, and not shown to have been brought to the knowledge of the defendant.

ID.—SELF-SERVING ACTS AND DECLARATIONS—PREJUDICIAL ERROR.—Such subsequent preparations were no part of the *res gestæ*, but come within the rule excluding self-serving acts and declarations; and evidence of them having been offered as tending to show an engagement of marriage between the parties, the admission thereof was prejudicial error.

ID.—BRINGING CHILD BEFORE JURY—PROOF OF SEXUAL INTERCOURSE—REMARK OF DISTRICT ATTORNEY—OBJECTION UPON APPEAL.—It cannot be objected upon appeal for the first time that the child of the prosecutrix was brought before the jury and was referred to by the district attorney as "this child." The birth of the child was conclusive evidence of one element of the charge,—viz., sexual intercourse,—and its appearance in court was evidence of its preceding birth and of the proximate date of sexual intercourse by some man with the prosecutrix.

ID.—EVIDENCE OF PREVIOUS CHASTE CHARACTER—CASE AFFIRMED—SUBSEQUENT CONDUCT IMMATERIAL.—*People* v. *Wade*, 118 Cal. 672, is affirmed as to what testimony is admissible to show the previous chaste character of the prosecutrix prior to the time of the alleged seduction. Whether the prosecutrix had any other young men come to see her subsequent to the alleged seduction was a matter wholly immaterial.

ID.—CAUTIONARY INSTRUCTIONS—COMMONPLACE MATTER — KNOWLEDGE OF JURY.—Cautionary instructions in relation to evidence of oral admissions, and in relation to the evidence of the defendant in his own behalf, which merely stated commonplace matter for the guid-

. ance of the jury, that intelligent jurors would be apt to know and act upon without such instructions, are not to be regarded as prejudicial or as constituting ground for reversal.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion.

W. D. Tupper, and James A. Burns, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

GRAY, C.—The defendant was convicted of the crime defined in section 268 of the Penal Code—seduction under promise of marriage. He appeals from the judgment and from the order denying him a new trial.

The prosecutrix testified in substance that she was seduced by defendant and induced to have sexual intercourse with him under a promise of marriage on the night of November 27, 1900, while returning with him to her home from a dance at a neighbor's house. She also testified that she became engaged to marry the defendant in October or November, 1899. As to this engagement she was corroborated by the testimony of her mother. As the result of this seduction the evidence shows that a child was born to the prosecutrix on the twenty-first day of August, 1901. As a witness in his own behalf, the defendant stoutly denied not only the sexual intercourse but also the promise to marry.

1. The first contention of the appellant is, that the court erred in permitting the prosecutrix and her mother to testify that in the spring of 1901 she made preparations for her marriage in the way of sewing and making clothes, as young women usually do in preparing for their wedding. We think evidence of these preparations, occurring as they did some five or six months after the alleged seduction, and not shown to have been brought to the knowledge of the defendant, should have been excluded. They constituted no part of the *res gestæ,* and come clearly within the rule excluding acts and declarations merely self-serving and in the nature of hearsay.

(*Cooper* v. *State,* 90 Ala. 641; *State* v. *Lenihan,* 88 Iowa, 670; *State v. Buxton,* 89 Iowa, 573.)

To sustain the action of the court in admitting this evidence, the respondent cites Underhill on Criminal Evidence, secs. 388, 390, where it is said that "the fact that the woman had made preparations for the celebration of the marriage is relevant." It is said also in the latter section that "consultations with the woman's parents and preparations for marriage" is proper evidence to corroborate the prosecutrix's testimony. This may be proper evidence, we think, where it is shown that the defendant had had some knowledge of or connection with the consultations or preparations; but if the text-writer intends to hold that such consultations of the woman with her parents without the knowledge of defendant is evidence of the marriage engagement, such holding is in conflict with the language of this court in *Liebrandt* v. *Sorg,* 133 Cal. 572, wherein it is said: "It is elementary law that evidence of this character is inadmissible as tending to prove the agreement to marry." The Alabama and Iowa cases cited seem to be well considered, and they hold that evidence of this character is inadmissible as evidence of the engagement, even where it relates to a time prior to the alleged seduction. We have been able to find but one case to the contrary, and that is *State* v. *Timmens,* 4 Minn. 325, cited in section 390 of Underhill on Criminal Evidence. In this case, however, the question seems not to have received careful consideration. We can see no good reason for making a special rule of evidence for seduction cases, and it is clear that in the ordinary case evidence of the character under discussion would not be treated as coming within any recognized exception to the general rule excluding acts and declarations of a hearsay nature.

We think also that this evidence, urged, as it was, as tending to show an engagement between the parties, may have prejudiced the cause of defendant in that direction.

2. We see no merit in the objection, made here and not in the court below, that the child was brought before the jury and referred to by the district attorney as "this child" in their presence. The birth of the child was conclusive evidence of one element of the charge,—to wit, sexual intercourse. (*People* v. *Goodwin,* 132 Cal. 368.) And the appearance of

the child in court was evidence of its preceding birth. Of course, this child and its birth were evidence of nothing material, except that some man had had sexual intercourse with the prosecutrix, and the proximate date thereof. And there was no danger of its being taken by the jury as evidence of anything further than that. (*Cunningham* v. *State,* 73 Ala. 51.)

Defendant cites the case of *State* v. *Carter,* 8 Wash. 272, in support of his contention in this behalf; but that case bears little analogy to this one, and is of doubtful authority even as to the matters discussed in it, by reason of the conflict of opinion among the members of the court.

3. The decision of this court in *People* v. *Wade,* 118 Cal. 672, relative to the question as to what testimony is proper to show the previous chaste character of the prosecutrix is attacked by appellant. We thing the decision is correct.

4. Whether the prosecutrix had any other young man come to see her subsequent to the alleged seduction was a matter entirely immaterial.

5. An instruction was given to the effect that evidence of oral admissions should be viewed with caution. The giving of instructions of this character which contain a mere commonplace that an intelligent juror would be apt to know about and act upon in the absence of the instruction, is not regarded as harmful or as constituting a proper ground for reversal. (*People* v. *Wardrip,* 141 Cal. 229; *People* v. *Farrington,* 140 Cal. 656; *People* v. *Wong Bin,* 139 Cal. 60.)

6. A cautionary instruction was also given as to the testimony of the defendant given in his own behalf. This instruction was in effect the same as an instruction given in the case of *People* v. *Cronin,* 34 Cal. 191, and there held to be correct. It has since been frequently held that where this instruction, though it may be regarded as erroneous, is kept well within the language considered in the Cronin case, the judgment will not be reversed on account of it. (*People* v. *Van Ewan,* 111 Cal. 144.) The same thing may be said of this instruction as of the previous one. It only undertakes to lay down for the guidance of the jury a matter that they would be apt to know about and act upon without any such instruction.

For the error pointed out in the introduction of evidence,

we advise that the judgment and order be reversed and that the case be remanded for a new trial.

Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the case remanded for a new trial. McFarland, J., Lorigan, J., Henshaw, J.