## HAY *v.* STATE OF INDIANA.

[No. 22,132.    Filed May 28, 1912.    Rehearing denied November 20, 1912.]

1. CRIMINAL LAW.—*Appeal.—Record.—Motion to Quash.—Oral Motion.*—Where a motion to quash was made orally, and the record discloses no ground on which it was based, no question thereon is presented on appeal.    p. 479.

2. CRIMINAL LAW.—*Appeal.—Assignment of Errors.—Insufficiency of Facts Stated to Constitute Public Offense.*—An affidavit, when assailed for the first time on appeal, will be held sufficient as against the assignment that it does not state facts sufficient to constitute a public offense, since the provision of §3 Acts 1911 p. 415, that a complaint cannot be assailed for want of facts for the first time on appeal, applies to indictments and affidavits in criminal cases under §2231 Burns 1908, Acts 1905 p. 584, §344. p. 480.

3. SEDUCTION.— *Criminal Prosecution.— Evidence.— Corroborative Evidence.—Acts of Prosecutrix.—Admissibility.*—In a criminal prosecution for seduction, evidence of preparations made by the prosecuting witness in contemplation of marriage, without the presence or knowledge of the defendant, is inadmissible in corroboration of her testimony.    p. 480.

4. SEDUCTION.—*Criminal Prosecution.—Reputation of Prosecutrix for Chastity.—Proof.*—While, in a criminal prosecution for seduction, the State is bound to prove that the prosecutrix was, at the time of the alleged seduction, of good repute for chastity, it was not bound to prove such repute by her.    p. 482.

5. SEDUCTION. — *Criminal Prosecution. — Evidence. — "Strong Corroborating Circumstances". — Sufficiency. — Question for Jury. —* Under §2120 Burns 1908, providing that in prosecutions for seduction the evidence of the female must be supported by at least one other witness, or by "strong corroborating circumstances", it is for the jury to determine whether the corroborative evidence is "strong" enough to warrant a conviction, and its finding is not reviewable on appeal.    p. 483.

6. APPEAL.— *Review.— Evidence.— Weight and Sufficiency.—* The Supreme Court will not weigh evidence.    p. 483.

7. SEDUCTION.— *Criminal Prosecution.— Appeal.— Review.— Sufficiency of Evidence.—Verdict.*—Where, in a prosecution for seduction, the only material facts controverted are the promise of marriage and the having of the intercourse under such promise, and the prosecutrix testified that defendant promised to marry

her, and by virtue of such promise accomplished her ruin, and on these propositions her evidence is corroborated by circumstances disclosed by the evidence of other witnesses, aside from that relating to her preparations for marriage, the Supreme Court is not warranted in setting aside the verdict for insufficiency of the evidence. p. 484.

8. CRIMINAL LAW.—*Appeal.—Review.—Harmless Error.—Instructions.*—Under §2221 Burns 1908, Acts 1905 p. 584, providing that in appeals in criminal cases, the Supreme Court shall disregard technical errors and defects, which did not, in the opinion of the court, prejudice the substantial rights of the accused, error in the giving of an instruction in a prosecution for seduction, giving corroborative effect to the fact that the prosecutrix had made preparations for marriage, and the refusal of a tendered instruction correctly stating the law on that point, was harmless, where, with all evidence as to such preparations eliminated, the jury could not have failed to convict. p. 484.

From Dubois Circuit Court, *John L. Bretz,* Judge.

Prosecution by the State of Indiana against Floyd Hay. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Lindsey & Brock,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MORRIS, J.—Prosecution by affidavit, for seduction, under §2354 Burns 1908, Acts 1905 p. 584, §458. Appellant filed a motion to quash the affidavit, which was overruled. Trial by jury, with verdict of guilty. From a judgment of conviction, this appeal is prosecuted.

Appellant contends that the lower court erred in overruling his motion to quash. The motion was oral, and the record discloses no ground on which it was based; 1. consequently it presents nothing here for consideration. *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Hawks* v. *State* (1911), 176 Ind. 602, 96 N. E. 593; *Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792. Appellant has assigned as error here that the affidavit does not

state facts sufficient to constitute a public offense. The
. 2.   affidavit is sufficient when assailed on this ground
for the first time in this court. *Robinson* v. *State*
(1912), 177 Ind. 263, 266, 97 N. E. 929. Complaint is made
of instructions five and six, given by the court on its own
motion. These instructions related to corroborative evi-
dence required by §2120 Burns 1908, Acts 1905 p. 584,
§244. Without setting out these instructions, it is sufficient
to say that neither of them was erroneous.

In instruction ten, given by the court on its own motion,
the jury was directed as follows: "In determining whether
the prosecuting witness has been corroborated by one
3.   or more witnesses, or by witness or witnesses and
strong circumstantial evidence, you have a right to
consider along with all the evidence given in the case,
* * * the fact, if it be a fact, that at about the time of the
alleged seduction, the prosecuting witness made any prep-
arations for herself in getting ready for the approaching
marriage ceremony, and whether about the same time she
made any preparations for going to housekeeping.

Appellant, by his requested instruction five and one-half,
sought to have the jury informed as follows: "I instruct you
that evidence that the prosecuting witness sometime after
she claims that the defendant seduced her, made some new
clothes and quilts, and performed other acts in preparation
of marriage, cannot be considered by you as corroborating
or tending to corroborate the prosecuting witness, that the
defendant promised to marry her, and that she yielded to
his solicitations because of that promise, but the corrobo-
rating testimony must come from some witness other than
the prosecuting witness."

It is earnestly contended by appellant that the court
erred both in giving instruction ten, and in refusing instruc-
tion five and one-half, requested, because the jury was, in
effect, informed that a mutual promise to marry might be

inferred from things done by the prosecuting witness, without the presence or knowledge of defendant; that such evidence is merely self-serving. It is not claimed by the State that there was any evidence, aside from that of the prosecuting witness, that defendant had any knowledge of her preparations for a wedding.

In *Graham* v. *Martin* (1878), 64 Ind. 567, an action for breach of promise to marry, the question here involved was decided by this court. In the course of the opinion the following language was used: "Objection is made to the following portion of the seventh charge, viz., that the jury, in deciding whether a contract of marriage existed between the parties, might consider the fact as to any preparation the plaintiff might have made for marriage, etc. In *Russell* v. *Cowles* [1860], 15 Gray 582 [77 Am. Dec. 391], it is decided, that, 'In an action for breach of promise of marriage, evidence of preparations for performing the contract, made by the plaintiff in the absence of the defendant, and not in any way connected with him, is inadmissible to prove the plaintiff's assent to a mutual promise of marriage.' We think this decision asserts the better law. 2 Parsons, Contracts 62."

In the discussion of this subject in 4 Elliott, Evidence §3149, the author says: "The conduct and statements of the parties immediately before and after and at the time of the alleged seduction may generally be shown as explanatory and as part of the *res gestae*. But evidence of preparations made by the prosecutrix for marriage to the defendant is not admissible as part of the *res gestae*. The contrary view seems to be taken by Mr. Underhill, but if he means to state that such evidence, and that of consultation by her with her parents regarding preparations for the wedding, can be shown against the defendant when the latter had no part therein and no knowledge thereof, the statement seems to be clearly erroneous, and it is criticised in a recent case

wherein it is held that such evidence is no part of the *res gestae,* and comes clearly within the rule excluding acts and declarations merely self-serving and of a hearsay nature.''

The doctrine declared by Judge Elliott is approved quite generally in other jurisdictions. *People* v. *Tibbs* (1904), 143 Cal. 100, 76 Pac. 904; *Copper* v. *State* (1890), 90 Ala. 641; *State* v. *Lenihan* (1893), 88 Iowa 670, 56 N. W. 292; *State* v. *Buxton* (1894), 89 Iowa 573, 57 N. W. 417; *Commonwealth* v. *Walton* (1868), 2 Brews. (Pa.) 425; *Russell* v. *Cowles, supra; Weaver* v. *Bachert* (1845), 2 Pa. St. 80, 44 Am. Dec. 159; 11 Ency. Ev. 699. We are of the opinion that the court erred both in giving instruction ten and in refusing the one requested.

Appellant also claims the court erred in refusing his requested instruction nine, which was as follows: ''I instruct you that the material and essential points of the crime of seduction as defined by statute are, (1) the promise to marry, (2) the seduction under such promise, (3) *the previous good reputation for chastity of the party seduced. And unless you find that the evidence of Myrtle Whitten establishes all of these elements,* and unless you further find that the testimony of Myrtle Whitten is corroborated in each of these three points, if she has so testified, you must find the defendant not guilty.'' (Italics ours, here and throughout opinion.) Myrtle Whitten did not testify to her own previous reputation for chastity. It would be remarkable that any one, in any case, should testify to his own reputation. While the State was bound to prove that Myrtle Whitten was, at the time of the alleged seduction, ''of good repute for chastity'', it was not bound to prove such repute by her, and consequently the instruction tendered was erroneous, and there was no error in refusing it.

Counsel for appellant earnestly contend that there was not, after eliminating from consideration the evidence re-

lating to Myrtle Whitten's preparations for mar-
5. riage, sufficient corroborative evidence to sustain the
verdict under §2120, *supra*, which provides that "in
prosecutions for seduction, * * * the evidence of the fe-
male must be supported by at least one other witness, or by
*strong corroborating circumstances* as to every material
point necessary to the commission of the offense." This
statute was enacted in 1905 (Acts 1905 p. 584, §244). It
superseded the statute of 1881, which provided that "the
evidence of the female must be corroborated to the extent
required as to the principal witness in cases of perjury."
§1807 R. S. 1881, §1876 Burns 1901.

In *La Rosae* v. *State* (1892), 132 Ind. 219, 31 N. E. 798,
it was held, in substance, that the testimony of the female,
on each material point, must be corroborated to the extent
required as to the principal witness in cases of perjury.

It is insisted by appellant that under §2120, *supra*, the
evidence of the female must be supported not merely by
corroborating circumstances, but such corroborative evi-
dence must be "strong", and if such evidence is not
"strong", it is the duty of this court to set aside the ver-
dict. On the other hand the Attorney-General claims that
if the female's testimony on any controverted material
point is corroborated by some evidence, it is for the jury
to weigh it, and determine whether it is "strong" enough
to warrant a conviction, and such determination is bind-
ing on this court. It has ever been held that this
6. court may not weigh evidence. This function be-
longs exclusively to the jury.

In *Reg.* v. *Shaw* (1865), 10 Cox C. C. 66, it was said,
concerning the corroborative evidence necessary to
5. support a conviction for perjury: "What degree of
corroborative evidence is requisite must be a matter
for the opinion of the tribunal that tries the case, which
must see that it deserves the title of corroborative evidence.

Any attempt to define the degree of corroboration necessary would be illusory.''

While it should not be held that the word "strong", used in the act to qualify "corroborating circumstances", is without force or meaning, and is not binding on the consciences of jurors, we think that the finding of the jury that corroborative circumstances are strong enough to support a conviction is not reviewable by this court if the evidence is in fact corroborating evidence, and supports that of the female on each material point involved. *Hendricks* v. *State* (1866), 26 Ind. 493; *Galloway* v. *State* (1868), 29 Ind. 442; 1 Greenleaf, Evidence (15th ed.) §257; Gillett, Crim. Law §742; 30 Cyc. 1454.

In this case the illicit intercourse is admitted. That the prosecuting witness was only eighteen years of age is not questioned. That her previous reputation for chastity

7. was good is uncontroverted. The only material facts controverted are the promise to marry and the having of the intercourse under such promise. The prosecuting witness testified that defendant promised to marry her, and by virtue of that promise accomplished her downfall. On each of these propositions her evidence is corroborated by circumstances disclosed by the evidence of other witnesses, aside from that relating to her preparations for marriage. Indeed, the testimony of the defendant, considered as a whole, corroborates hers on these two points in controversy, and consequently this court would not be warranted in setting aside the verdict on account of the alleged insufficiency of the evidence.

Section 2221 Burns 1908, Acts 1905 p. 584, provides that this court shall, in appeals in criminal cases, disregard technical errors and defects, which did not, in the opin-

8. ion of the court, prejudice the substantial rights of the accused. The Attorney-General insists that this statute is applicable here, and the judgment should be af-

firmed, because defendant's own testimony, fairly considered, establishes his guilt as charged.

We have carefully considered the evidence in the case, and without quoting from it we deem it sufficient to say that the evidence of Myrtle Whitten is amply corroborated on all points in controversy here by the testimony of defendant himself.

We think that instruction ten, given by the court, and the refusal of five and a half, requested, did not prejudice the substantial rights of appellant within the meaning of §2221, *supra.* It would be difficult to perceive how the jury, with all evidence eliminated relating to the girl's preparation for marriage, could, under the evidence, have arrived at a verdict other than the one returned. While it is desirable that records should be free of error in criminal cases, the legislative mandate found in §2221, *supra,* has ever been, and should ever be, given the construction plainly indicated by its language. *Coppenhaver* v. *State* (1903), 160 Ind. 540, 67 N. E. 453; *Shears* v. *State* (1897), 147 Ind. 51, 46 N. E. 331; *Sanderson* v. *State* (1907), 169 Ind. 301, 315, 82 N. E. 525; *Hoffman* v. *State* (1911), 176 Ind. 284, 95 N. E. 1002; *Wood* v. *State* (1883), 92 Ind. 269.

Counsel for appellant, in their brief, say: ''It might be claimed that it would be a protection to the girls of this State to sustain a conviction where their ruin is accomplished by young men, even if the evidence is unsatisfactory, but the answer to that claim is that girls can best protect themselves, and when they are informed that courts and juries are not going to lend their aid to protecting them, * * * they will need no protection from the courts.''

In this case, the evidence satisfied the jury of appellant's guilt, and it warranted the jury's finding. This statute was designed to protect the virtue of girls whose immature judgments may be overcome by their affections for licentious suitors who lure their helpless victims to ruin by promises

as false, in fact, as they are sacred, in form. It was further designed to prevent the births of illegitimate children.

No higher duty rests on the State than that of safeguarding the virtue of its young womanhood, and if the courts were ever allowed any discretion in the enforcement of valid laws, most assuredly a lax discretion would not be exercised in relation to this one. It is sufficient to say, however, that in no case is any such discretion vested in courts.

The errors occurring at the trial did not substantially harm appellant. The verdict of the jury was just. If the term of imprisonment in the Indiana Reformatory, which the law fixes on appellant as the result of his crime, fails to chasten his life, it is to be believed that its effect will be to protect other girls, whose untutored wills might be overcome by seducer's wiles. Judgment affirmed.

NOTE.—Reported in 98 N. E. 712. See, also, under (1) 12 Cyc. 865; (3) 35 Cyc. 1354; (4) 35 Cyc. 1344; (5) 35 Cyc. 1364; (6) 3 Cyc. 346; (7) 35 Cyc. 1357, 1360; (8) 12 Cyc. 932. As to prosecutions for seduction, see 76 Am. St. 659; 87 Am. Dec. 405. For a discussion of the necessity in a criminal prosecution for seduction that the female should be corroborated and the elements to which the corroboration must extend, see 1 Ann. Cas. 869.