## MEDLY *v.* STATE OF INDIANA.

[No. 22,688.   Filed November 3, 1915.]

1. . CRIMINAL LAW.—*Appeal.—Objection to Instructions.—Failure to Reserve Exceptions.*—Where the bill of exceptions containing the instructions questioned by appellant fails to disclose that any exceptions were reserved to the giving or refusal, no question thereon is presented for review on appeal.   p. 661.

2. CRIMINAL LAW.—*Appeal.—Harmless Error.—Instructions.*—The refusal of an instruction requested by accused was not reversible error, where it appears that his substantial rights were not affected thereby.   p. 661.

3. HOMICIDE.—*Trial.—Exclusion of Evidence.*—In a prosecution for murder, evidence that on Saturday before the death of decedent, who was killed on Monday, decedent was seen to approach defendant with a pick handle and knife, was properly excluded, in the absence of any offer to prove that decedent made any attack, or threat, or that defendant saw decedent at the time or knew of his presence.   p. 661.

4. HOMICIDE.—*Evidence.—Threats.*—Evidence of threats is not admissible unless there is first some evidence of an overt act on the part of the decedent.   p. 662.

5. HOMICIDE.— *Evidence.— Sufficiency.*— Evidence that decedent while on his way to work was accosted by the accused about some alleged statements concerning the latter, that decedent turned to walk away when accused dealt him a blow with a gas pipe, crushing his skull, and .that while decedent lay upon the ground accused struck him with his fists, together with testimony showing that accused had stated on the previous day that he would kill decedent, disclosed a wilful killing without mitigating circumstances.   p. 662.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against Ira Medly. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Charles D. Hunt, Gilbert W. Gambill* and *Walter F. Wood,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

ERWIN, J.—Appellant was prosecuted by indictment for the crime of murder, and found guilty of murder in the second degree. From a judgment of imprisonment for life an appeal is prosecuted.

The questions presented for review arise upon the motion for a new trial. Appellant presents as error the refusal of the court to give instruction No. 24 tendered by appellant, and the giving of instructions Nos. 3 and 5 of the court's own motion, also that the court erred in refusing to allow a certain witness to testify as to seeing the decedent at or about the mine on a date several days prior to the killing with a pick handle in one hand and a knife in the other.

The bill of exception containing the instructions in question does not disclose that any exceptions were reserved to the giving of any of the instructions given by the 1. court, hence no question is presented for review on the instructions given. *Lesueur* v. *State* (1911), 176 Ind. 448, 95 N. E. 239. Without deciding the question 2. sought to be raised by the court's refusal to give instruction No. 24, in view of the evidence we are of the opinion that this action of the court in no way prejudiced the substantial right of appellant and is therefore not reversible error. §2221 Burns 1914, Acts 1905 p. 584, §334; *Mason* v. *State* (1908), 170 Ind. 195, 83 N. E. 613; *Hay* v. *State* (1912), 178 Ind. 478, 485, 98 N. E. 712, Ann. Cas. 1915 C 135; *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819.

Appellant insists that the court committed reversible error in excluding certain evidence offered by him, in the testimony of one Smith, which testimony, as shown by 3. the offer to prove is in substance that the witness, on Saturday preceding the Monday of the tragedy had seen the decedent at or near the mine, approach appellant, with a pick handle in one hand and a knife in the other and that he did this twice within a few minutes. There was no

offer to prove that decedent made any effort to attack appellant, or that he made any threat, or said anything to appellant. It is not shown that appellant saw decedent at that time, or knew of his presence. In fact appellant testified that he did not see decedent at all that afternoon.

Appellant insists that the offered evidence should have been admitted to show that decedent was the aggressor at the time appellant struck the fatal blow. If the offered evidence could have had that tendency it should have been admitted. This offered evidence was neither a threat, evidence of a previous difficulty, nor did it tend in the slighest degree to show that decedent was the aggressor at any time. The simple fact that decedent had a pick handle and a knife two days before the tragedy, but made no demonstration towards or threats against appellant, would not be any justification for the killing. Evidence of threats is not

4. admissible unless there is first some evidence of an attack or overt act upon the part of the decedent. *Malone* v. *State* (1911), 176 Ind. 338, 342, 96 N. E. 1, and cases cited. Up to the time of the offer there was no evidence of an attack, or overt act on the part of the decedent, on or towards appellant. Without some evidence of an attack or demonstration on the part of the decedent, this evidence was not competent. *Malone* v. *State, supra*; *Ellis* v. *State* (1899), 152 Ind. 326, 52 N. E. 82; Wharton, Criminal Law §757.

The evidence is amply sufficient to support the verdict. It is shown by the testimony, that on October 27, 1913, at about the hour of seven o'clock, the decedent was on

5. his way to the mine for the purpose of engaging in his usual occupation; that appellant was across the street and called to the decedent to come over where he was. Appellant then began a conversation concerning alleged statements by decedent to the mine boss concerning appellant. When decedent discovered the nature of appellant's conversation, he turned to walk away when appellant dealt him a

blow, or blows, on the back of the head with a gas pipe 18 or 20 inches long and an inch or more in diameter, crushing the skull in two places from which injuries he died within three hours. While his victim lay upon the ground unconscious from the effect of the blows, appellant again struck him with his fists and asked him if he had enough and said "you will not squeal on me any more".

The testimony of one witness who talked to appellant the morning of the tragedy was that he, appellant, said he would kill decedent if he did have to go to the penitentiary. Another witness testified that on Sunday the 26th, the day before the killing, he was in company with appellant and decedent passed them on his way to Sunday school with his little daughter; that as he passed he said "good morning boys", appellant remarked: "He can go to Sunday school this morning, but I will kill the son of a ——— in the morning." Another witness testified that he was with appellant shortly after the tragedy and appellant said " 'You know what I told you Saturday evening don't you?' And I said 'No, sir, you didn't tell me nothing.' And he said 'I did tell you'. And I said 'what did you tell me?' And he said 'I told you I was going to fix Truss Isbell, didn't I?' And I said, 'did you?' And he said 'Yes, they hauled him home awhile ago.' " The evidence discloses a wilful killing without any mitigating circumstances and the finding of second degree murder was a conservative conclusion on the part of the jury.

Appellant has failed to show any error of the court which was prejudicial to his rights and the judgment must be affirmed.

NOTE.—Reported in 110 N. E. 58. As to homicide in self-defense, see 26 Am. Dec. 279. See, also, under (1) 12 Cyc. 849; (2) 12 Cyc. 928; (3) 21 Cyc. 962, 963; (4) 21 Cyc. 965; (5) 21 Cyc. 1016, 1017.