CHOWNING *v.* STATE OF INDIANA.

[No. 13,587. . Filed March 26, 1929. Rehearing denied May 31, 1929.]

*J. T. Walterhouse* and *Thomas V. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

REMY, J.—Prosecution for unlawful transportation of intoxicating liquor, under §7 of the act of 1925 (Acts 1925 p. 144, §2720 Burns 1926). Trial resulted in a conviction.

Overruling motion for new trial is assigned as error, and the questions presented are as to sufficiency of the evidence and correctness of instructions to the jury.

The evidence consists of the uncontradicted testimony of five witnesses produced by the State, and shows conclusively the guilt of appellant as charged.

Some of the instructions were not carefully drawn but, when considered in connection with the other instructions and the evidence, it is readily seen that the jury could not have been misled thereby, and that appellant was not harmed. In a recent liquor case, the Supreme Court of this state in a strong opinion by Travis, J., was asked by the appellant, who had been found guilty by a jury in the trial court, to order a new trial on the ground

that the court had given certain instructions claimed by him to be erroneous, and the court, in the course of its opinion, said: "Upon a careful consideration of these instructions with the other instructions given by the court, and also the convincing evidence of the defendant's guilt, which was uncontradicted by any evidence given in his behalf, we are irresistibly led to the conclusion that the defendant was guilty under the affidavit. The jury could not have been misled and have returned any other verdict than a verdict of guilty." *Meno* v. *State* (1925), 197 Ind. 16, 26, 164 N. E. 93. In another well-considered case, the same court used this language: "Counsel for appellant criticise as erroneous some of the instructions of the trial court, and also contend that the court erred in refusing to give certain instructions requested by appellant. We have given no consideration to these alleged errors, for the reason that if any error was committed in giving or refusing the instructions in dispute, such error would not result in a reversal of the judgment, because, in our opinion, the conviction is clearly sustained by the facts established by the evidence, and the jurors could not, without disregarding their oaths, have done otherwise than to find appellant guilty." *Mason* v. *State* (1907), 170 Ind. 195, 83 N. E. 613. To the same effect, see *Medley* v. *State* (1915), 183 Ind. 660, 110 N. E. 58; *Hay* v. *State* (1912), 178 Ind. 478, 98 N. E. 712, Ann. Cas. 1915C 135; *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819.

The holding of the Supreme Court in the cases cited is, in a measure, based upon §334 Crim. Code (Acts 1905 p. 584, §2394 Burns 1926), which provides that in considering questions on appeal, "the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court which did not, in the opinion of the court to which the appeal is taken,

prejudice the substantial rights of the defendant." Affirmed.

## On Petition for Rehearing.

Remy, J.—In the original opinion, without discussing the evidence, we held that appellant's guilt was established. Of this holding, complaint is made in a petition for rehearing, and we have decided that, in fairness to appellant, we shall set out the substance of the evidence as it appears in the record.

Appellant, a taxi-cab driver, was, on the night of February 4, 1925, driving his cab on one of the streets of the city of Muncie; with him in the cab at the time was Lena Lake; while so driving, he overtook Arthur Redding and Pauline Shaw and asked them to get in the cab with him and take a ride; they accepted the invitation, and appellant drove his cab about one mile, where he stopped by the side of a street near a park and turned off the lights, it then being after midnight; when the car had stopped and the lights were out, appellant took a bottle of whisky which he had in his possession, and asked if any of the party wanted a drink; as he did so, he handed the bottle to Redding; just then two police officers approached, one to each side of the cab; as they came up, Redding let the bottle he had taken from appellant fall upon the floor of the cab; one of the officers picked up the bottle which was open, and found that it contained whisky; at the same time the officer on the other side of the cab found a bottle containing whisky on the floor of the cab near where appellant was sitting; from the time Redding and Miss Shaw got in the cab until the officers appeared, appellant had not been out of the cab, and no person came to the cab, and neither of the women nor Redding had any whisky or had seen any whisky except that which appellant had in his possession when the car stopped, which was just before

the officers came; the two bottles containing whisky were exhibited to the jury as a part of the evidence at the trial. Appellant submitted no evidence to the jury, and made no defense on the merits.

With the evidence of the five unimpeached witnesses of the State before them, the members of the jury could not, without disregarding their oaths, have done otherwise than find appellant guilty.

Rehearing is denied.