## · CHRISTIE *v.* THE STATE.

JUROR.—*Challenge.*—*Statute Construed.*—A juror who has served as a tales-man upon a jury in the same court at a previous term within a year may, under the second section of the act of March 8th, 1873, Acts 1873, p. 159, be challenged for this cause.

From the Switzerland Circuit Court.

*W. M. Smith*, *J. A. Works*, and *J. D. Works*, for appellant.
*J. C. Denny*, Attoney General, for the State.

WORDEN, J.—This was a prosecution against the defendant for injuring a toll-gate.   Jury trial, conviction, and judgment.

It appears by a bill of exceptions that upon the empanelling of the jury, a juror was called who had served as a talesman upon a jury in the same court at the term before, and within a year before.   For this cause the defendant challenged the juror, but the court overruled the challenge, and the defendant excepted.

The 2d section of the act of March 8th, 1873, Acts 1873, p. 159, provides: "That it shall not be lawful for any officer, or officers, charged with the selection of a panel of petit jurors, to serve in any circuit court, superior court, court of common pleas or criminal court of this State, to select any

person to serve as such juror, who has served as a juror in either of said courts in such county, during the year immediately preceding such selection ; and it shall be unlawful for any officer of either of said courts to select any person to serve as a talesman upon any jury therein, who has served as a juror in either of said courts of the county during the year immediately preceding such selection ; and should any person be selected contrary to the provisions of this act, it shall be a sufficient cause for peremptory challenge."

The word "peremptory" in this provision was probably used to convey the idea of an absolute right of challenge for such cause. Peremptory challenges have been understood generally to be such as are allowed without assigning any cause.

The purpose of the statute was to exclude, in the selection of jurors, all persons who have served as such in any of the courts mentioned, within the year before, whether they served as a part of the regular panel or as talesmen. The object was something more than merely to relieve men from the burthen of sitting as jurors oftener than once a year. It was to preserve the purity of the jury box and avert the evils arising from an over-willingness sometimes exhibited to serve in that capacity. Hence the right of challenge for such cause. We are of opinion that the court erred in overruling the challenge.

The judgment below is reversed, and the cause remanded.