BARKER *v.* HINE ET AL.

JUROR.—*Talesman.*—*Challenge.*—That a juror has served as a talesman upon any jury empanelled in the circuit, superior or criminal court of a county, within one year previous to the time when he is again summoned to serve as a juror in one of said courts, is good ground as a challenge for cause.

From the Hamilton Circuit Court.

*W. Garver* and *J. S. Losey*, for appellant.

NIBLACK, J.—This was a suit by the appellant, against the appellees, on a promissory note for eighty dollars. There was an answer in two paragraphs.

Each paragraph set up, in a somewhat different form, that the note was given for the purchase of a mare, by the said Allen L. Hine, from the appellant, which was represented and warranted to be sound and in good condition; but which was, in fact, sore, lamed and diseased, and proved to be of no value whatever.

There was a reply,—

1st. In general denial;

2d. Setting up a former adjudication before a justice of the peace.

There was a trial by a jury, followed by a verdict and judgment for the appellees, at the November term, A. D. 1874, of the court below.

When the cause came on for trial, the panel of the jury not being full, the court directed the sheriff to summon, from amongst the citizens of the county, other suitable persons to fill the panel, and thereupon the sheriff summoned and brought into court, amongst others, Joseph Booth and William Bragg, to fill such panel. The appellant then proceeded to interrogate the said Booth and Bragg as to their qualifications as jurors, and particularly as to whether either of them had served on any jury in that court, within a year preceding that time. The said Booth answered that he had not served on the regular

panel of any jury during that time, but that he had served as a juror in the trial of a cause, in that court, during the preceding May term. The said Bragg answered that he had not, either, served on the regular panel of any jury during that time, but that he, also, had served as a juror in said court in the trial of one cause, during the said May term then immediately preceding.

The appellant thereupon severally challenged the said Booth and the said Bragg, as being incompetent to serve as jurors in said cause, and moved that both of them be severally set aside and excluded from acting as such jurors. The court overruled the challenges and accompanying motion of the appellant, and, over his objection, permitted the said Booth and Bragg to be sworn and to serve as jurors on the trial of the cause.

This ruling of the court, as regards the competency of these jurors, is complained of by the appellant, and the record presents it as a question for our consideration here.

It has been provided, in substance, that it shall be unlawful for any officer of any circuit court, superior court or criminal court of this state, to select any person to serve as a talesman upon any jury therein, who has served as a juror in any of said courts of the county during the year immediately preceding such selection; and should any person be selected contrary to the provisions of the law thus enacted, it shall be a sufficient cause for challenge as to such person. See section two of the act of March 8th, 1873, concerning petit jurors. 2 R. S. 1876, p. 31.

A juror, therefore, who has served as a talesman upon a jury at a previous term of any one of said courts of his county, above enumerated, within a year prior to the time at which he is again summoned to serve, may be challenged for that cause. See Christie v. The State, 44 Ind. 408; Kassebaum v. The State, 45 Ind. 277; Demaree v. The State, 45 Ind. 299; and Williams v. The State, 45 Ind. 299. These cases decide the precise point involved, in favor of the appellant.

The court manifestly erred in overruling the appellant's challenges to the said Booth and Bragg as jurors, and for that cause the judgment below must be reversed.

The judgment is reversed, and the cause remanded for further proceedings.