The City of Goshen v. England.

Filed June 19, 1889.

———◆———

No. 13,780.

THE CITY OF GOSHEN v. ENGLAND.

JUROR.—*Action against City.*—*Taxpayer Incompetent.*—In an action against a city for damages resulting from an injury caused by a defective street or sidewalk, the fact that a juror is a resident taxpayer of the city is cause for challenge.

SAME.—*Service Within Year.*—*Cause for Challenge.*—It is cause for challenge that one called as a juror has served in that capacity during the year immediately preceding. Section 1395, R. S. 1881.

SAME.—*Regular Panel.*— *Vacancy.*— *Presumption that Juror is Talesman.*— Unless it appears that one, not drawn as a member of the regular panel, and who has been serving during the term as a juror, was placed upon the jury by the direction of the court as a member of the regular panel, to fill a vacancy, it will be presumed that he was a talesman, and subject to challenge under section 1395, R. S. 1881.

The City of Goshen *v.* England.

BILL OF EXCEPTIONS.—*Evidence.*—Where the record shows that time was given for filing a bill of exceptions, and that a bill, containing the evidence, and properly certified as required by section 1410, R. S. 1881, was filed within the time allowed, the evidence is in the record.

NEGLIGENCE.—*Damages.*—*Broken Leg.*—*Second Surgical Operation.*—*Suffering and Deformity.*—In an action against a city to recover damages for a broken leg caused by a defective sidewalk, it is proper to show that on account of the nature of the injury, which is described, it became necessary during the treatment of the limb to break and reset the bones after the first operation was performed, that the treatment was necessary and skilful under the circumstances, and that the suffering endured by the plaintiff and the deformity of the limb were the results of the injury.

SAME.—*Character of Fracture.*—*Testimony of Surgeon.*—A surgeon who has examined an injury may testify as to the character of the fracture and as to what bones were broken.

SAME.—*City.*—*Defective Sidewalk.*—*Notice of.*—*Prior Accidents to Other Persons.*—Evidence that other persons, prior to the accident to the plaintiff, had stepped into the hole in the sidewalk which caused the injury sued for, is competent as tending to show that the city had notice of the dangerous condition of the walk. It is also proper to show that the defect was afterwards repaired.

SAME.—*Attending Physician.*—*Statements in Absence of Patient.*—A physician may not testify as to statements made to him, in the absence of the plaintiff, by the latter's attending physician, concerning the character of the injury suffered by the plaintiff.

SAME.—*Aggravation of Injury by Plaintiff's Negligence.*—*Reduction of Damages.*—*Burden of Proof.*—Where, in an action to recover for a personal injury, the plaintiff shows the receipt of the injury, and that it was caused by the negligence of the defendant, without contributory negligence on his part, the burden is then upon the defendant to show, if such is the fact, that the injury was aggravated by the plaintiff's negligence in its treatment, and if such fact is established it merely goes to a reduction of the damages in proportion to the negligent aggravation.

From the Elkhart Circuit Court.

*I. A. Simmons, H. D. Wilson* and *W. J. Davis,* for appellant.
*J. H. Baker* and *J. H. Defrees, Jr.,* for appellee.

OLDS, J.—This is an action brought by Ann England, appellee, against the city of Goshen, appellant, for damages sustained by reason of the negligence of the appellant, and without fault of the appellee. She caught her foot in a hole

in a sidewalk, in the city of Goshen, and thereby broke her limb.   Issue joined, trial, verdict and judgment for five hundred dollars.

The error assigned and discussed is, the overruling of the motion for a new trial.   The first cause of complaint is, sustaining appellee's challenge of John Lehman, a juror, for the cause that said juror resided in the city of Goshen and paid taxes on personal property therein.

It has been held by this court, and is now the settled law of this State, that in an action against a city for damages resulting from an injury received by reason of a defect in a street or sidewalk, the fact that a juror is a resident taxpayer of the city is a good cause for challenge of such juror.   *Town of Albion* v. *Hetrick*, 90 Ind. 545, 549 and 550; *Hearn* v. *City of Greensburgh*, 51 Ind. 119.

In the case of *Williams* v. *City of Warsaw*, 60 Ind. 457, an action to recover the penalty for the violation of an ordinance prohibiting the keeping of gaming tables and allowing minors to play thereon, some decisions of the courts of other States are cited by the court in support of the theory that in an action of that character the fact that a juror is a taxpayer of the city is not cause for challenge, but the question is not decided in that case, and our decisions are uniform in holding this to be good cause for challenge.   The court also sustained appellee's challenge to Fuller, as a juror.   Fuller was called by the sheriff as a talesman, and he had served on the jury in the same court as a talesman in another cause some days previous and at the same term of court.   This ruling of the court was proper.   Section 1395, R. S. 1881, makes it unlawful for an officer charged with the selection of a panel of petit jurors to select any person to serve as such a juror who has served as a juror during the year immediately preceding, and provides that such fact shall be cause for challenge.   *Barber* v. *Hine*, 54 Ind. 542.

It is further contended that the court erred in sustaining the challenge of the appellee to the juror William Kyte.

The City of Goshen *v.* England.

From the examination of Kyte, touching his competency, it appears that there was one of the regular panel of the jury absent, and that this juror was placed upon the jury in the place of such absent juror, and that he had served as a juror on the trial of causes at the term of court up to the empanelling of the jury in this cause. It does not appear from the record that the court ordered the vacancies in the regular panel to be filled by persons to be selected by the sheriff, and that the jurors thus selected should constitute a part of the regular panel for that term. If such fact appeared from the record, it would thus present the questions discussed by counsel, that there was an absent juror, and that the juror Kyte was selected by the sheriff by the order of the court to constitute a regular juror for the term, and that he was thereby a regular juror, and not subject to be challenged on the ground that he had served as a juror during that term of court. It is contended that, under section 1396, R. S. 1881, if for any cause the jury is not present at any term of the court, it is lawful, and made the duty of the court, to order the sheriff to summon a jury from the bystanders, which shall constitute the regular panel for the term; and that the jury consists of twelve jurors, and if any juror is not present it is made the duty of the court, under said section, to order the panel filled from the bystanders, and when so filled it shall constitute the regular panel, and that such was the fact at this term of the court, and Kyte was placed on the jury and constituted one of the regular panel.

We do not think the record presents the question as contended by counsel for appellant. If the court has the power as contended for, it is necessary for the court to make an order, or at least direct, that the sheriff fill the panel from the bystanders, and the record does not show that any such order was made or direction given by the court and executed by the sheriff. In this case it is simply shown by the examination of the juror that he was placed upon the jury by the sheriff as one of the regular panel; it does not show that it

was done by order or the direction of the court, and he could not, at least, constitute one of the regular panel of jurors except by the order or direction of the court, so that the question as presented shows the juror Kyte to be nothing more than a talesman. The court having sustained the challenge, it will be presumed that the challenged juror was not a part of the regular panel, and the challenge was properly sustained. It does not appear that the appellant sustained any injury by the rulings of the court in sustaining the challenges to jurors, and the challenges were evidently sustained in the effort to get a fair jury. *Carpenter* v. *Dame*, 10 Ind. 125; *Heaston* v. *Cincinnati, etc., R. R. Co.*, 16 Ind. 275 (279).

The next question presented is upon the admissibility of evidence, and it is contended by counsel for appellee that the evidence is not in the record, and therefore no question can be considered relating to the evidence, but in this counsel are in error. The evidence is incorporated into a bill of exceptions, and the record shows that time was given for the filing of such bill of exceptions, and that it was filed within the time allowed, and is properly certified, as required by section 1410, R. S. 1881.

Counsel assign as error various rulings of the court in the admission of evidence. The first complained of is question ten in the original examination of Scott England, husband of the appellee, who had testified as to having learned of his wife's injury, going to her assistance and taking off her shoe, and as to the doctor setting her foot; he was then asked : " Do you know what was the matter with it?" to which question there was an objection; the grounds of the objection are not stated. The objection was overruled, an exception taken, and the witness answered: " I think it was broken."

There was no error in this ruling, even if the grounds of the objection had been stated. The witness was then asked if anything was done to the foot after it was first set, and he answered that it was broken and reset, and as to what position her foot was in before it was rebroken, and he de-

scribed it. He was then asked whether the hole in the sidewalk was repaired, and he answered that it was; also, whether the ankle was rebroken more than once, and he answered, only once. And he was then asked what was done, if anything, toward straightening the limb, and how many times, and he answered, four or five times. He was also asked whether his wife suffered during the time, and he answered, she did.

It was alleged in the complaint that in the treatment of said fractured limb it became necessary, twice, to break and reset her ankle, and it was contended by the plaintiff that the tendons drew her foot out of place, and made it crooked, and turned it awry, and with skilful treatment it could not be retained in its normal shape and position, and the evidence as to the condition of the limb, and breaking and resetting the same was proper. It is not contended but that the appellee exercised reasonable care and skill in the selection of physicians and surgeons to treat her. *Terre Haute, etc., R. R. Co. v. Buck*, 96 Ind. 346; 2 Thompson Negligence, 1091, section 7; *Rice v. City of Des Moines*, 40 Iowa, 638.

It was proper, also, to show that the defect in the sidewalk was afterwards repaired. The appellee was entitled to compensation for the pain and suffering endured, and it was proper to prove that she suffered pain during the necessary treatment of the limb. 2 Thompson Neg., 1258; *Pittsburgh, etc., R. W. Co. v. Sponier*, 85 Ind. 165.

The appellee, while testifying as a witness, was asked, "What is the fact as to your foot being reset at different times?" which was objected to on the ground that when the fractured limb was once adjusted, or the dislocated joint once reduced, the appellee had no right to show that it was reset, or reduced a second time; the objection was overruled and the witness answered that "the tendons would draw it crooked, and they would straighten it again, and then I would have severe pain in it and it would draw crooked again." This was proper evidence. It is proper, in a case of this character, to

show the manner in which the limb was treated, and that it was proper treatment under the circumstances. The condition of the patient and the injury are proper to be taken into consideration, and it may be shown, if such are the facts, that the injury was of such a nature as that, with the use of ordinary skill and the usual and proper appliances, it could not be kept in position, and had to be readjusted; or that the injury was of such a character, or the condition of the patient was such, as that appliances to keep the limb in place could not be used, and that the treatment adopted in the case was proper and skilful under the existing circumstances, and the suffering endured and the deformity which followed were the necessary results of the injury.

Objection is made to Dr. Wickham testifying as to the character of the fracture, and as to what bone was fractured. It was clearly admissible for a surgeon who had examined the injury to testify to the character of the fracture, and as to what bones were broken.

Mrs. Couts testified to having assisted the appellee into the house on the occasion of her receiving the injury, and she was then asked as to what was the fact as to what the appellee did; as to whether she was able to put her foot down on the ground, to use her foot, and as to the fact of the witness and her father-in-law helping the appellee into the house, and as to whether appellee put her foot to the ground at the time; to which questions appellant objected, the objection was overruled, and the witness testified that appellee could not put her foot down to the ground to use it, and she could not help herself. This evidence was proper.

Mrs. Albright testified to being acquainted with the condition of the sidewalk at the place where the injury occurred, and was then asked : "You may tell the jury what, if anything, ever happened to you, or anybody with you, in passing over that walk previous to the accident to Mrs. England." Counsel for defendant objected for the reason that the witness had also already testified that she knew what was there. The

objection was overruled and the witness permitted to answer. The question is not objected to on the ground of the incompetency of the evidence, but counsel concede its competency, and the objection is not sufficient to present any question as to the competency of the evidence sought to be elicited in answer to the question. The witness testified that her daughter, while passing along the walk, had several times got her foot in the hole into which Mrs. England stepped, and would have fallen if the witness had not held her up. This evidence was competent to show the city had notice of the dangerous condition of the sidewalk. *City of Delphi* v. *Lowery,* 74 Ind. 520.

Dr. Cornell was the surgeon who treated the appellant immediately after the injury, and the defendant called Dr. Latta as a witness and offered to prove by Dr. Latta that he had a conversation with Dr. Cornell, while he was treating the appellee, in the absence of appellee, and Dr. Cornell said there were no bones broken, but there was simply an injury of the ligaments. The plaintiff objected, and the testimony was excluded. The ruling of the court was correct. This evidence was not at all competent.

The next alleged error complained of was the giving of instruction number seven. This instruction is as follows:

" If you find for the plaintiff you must state in your verdict the amount of damages to which she is entitled. This amount should be a full and just compensation for the injury she received, and no more. In estimating such compensation you may consider any bodily pain and suffering and illness that may have resulted from the injury, and the pain, anxiety and distress of mind, if any, she suffered by reason thereof, or by reason of any medical treatment that became necessary for her to undergo; the extent and character of the injury, and whether or not it is permanent; and also the amount, if any, which she has paid from her own separate means for medical treatment or services. But you should not allow her anything for the value of her time, or services as a laborer

or housekeeper, nor for the value or cost of her care or support during the time of her illness. These things her husband is bound to furnish, and for them, he, if any one, may recover. It is claimed by the defendant the pain and suffering of the plaintiff has been increased, and the injury she received has been aggravated and made worse than it otherwise would have been, by her own negligence and carelessness of her limb since the injury, and, if the limb is permanently disabled, that it is due alone to such negligence and careless conduct, and not to the original injury. If such facts are proved by a fair preponderance of the evidence, you should not allow the plaintiff any compensation for such increased pain, suffering or aggravation of the injury so caused by her own negligence or carelessness. But if the plaintiff called reputable and reasonably competent physicians to treat the injury, the amount of her compensation should not be reduced by reason of any wrong treatment the physicians may have given or administered, and if she followed their directions in her conduct and use of her limb, she can not be charged with negligence or carelessness, even if such conduct or use were not proper, and aggravated the injury."

This charge is objected to for the reason, it is claimed, that it puts the burden of proof on the defendant of establishing the fact that the injury was aggravated by the negligence and carelessness of the plaintiff.

The court, in its third instruction, told the jury that "The burden is upon the plaintiff to prove by a fair preponderance of the evidence the material facts alleged in her complaint, and she can not recover unless it is shown by a fair preponderance of the evidence that there was a dangerous place in the walk, and the plaintiff was injured by reason thereof, without her own fault or negligence contributing thereto," etc.

If the plaintiff established by a preponderance of the evidence that she received the injury, without her own fault or negligence contributing thereto, and the other facts necessary to entitle her to recover, it would follow that she

was entitled to recover for the damages resulting therefrom. If she employed a physician, the presumption would be that he was a reasonably skilful one, and that she followed his instructions, and that whatever pain she suffered and deformity followed were the natural outgrowths of the injury sustained. It will not be presumed that she did a wrong, that she tortured herself, aggravated the wound and produced the deformity which exists. When the plaintiff introduced evidence proving the receipt of the injury, and that it occurred by reason of the negligence of the defendant and without her fault or negligence contributing thereto, that she employed skilled physicians and surgeons to treat it, and showing the deformity existing, she established a cause for the pain she suffered and the deformity existing, and thereby established a right to recover the damages she had sustained; and if the defendant, to relieve itself from such liability, asserted that the pain and deformity were not the result of the injury, but were caused by the negligence of the plaintiff in the treatment of the limb after the injury, the necessity or burden rested upon the defendant to establish the truth of such assertion. It was a new element brought into the case by the defendant.

This court has universally held that the plaintiff can not recover damages for an injury where, by his negligence, he contributed to it; that if the injury resulted from the joint negligence of the plaintiff and defendant there can be no recovery; and that it is necessary for the plaintiff to aver and prove that the injury occurred without fault or negligence on the part of the plaintiff, the burden being upon the plaintiff, to entitle him to recover, to establish that he was free from contributory negligence, or that the injury is in no degree attributable to any want of care on his part. The rule is otherwise in a majority of the States, but that is not the question presented in this case. It is here claimed that the negligence of the plaintiff contributed, not to the cause, but to the aggravation, of the injury, and is certainly not an

The City of Goshen *v.* England.

element which the plaintiff should be required to prove to entitle her to recover, but it is clearly a matter of defence, and the burden of proving it should rest upon the defendant. Nor do we think it should bar a recovery, but there should be an apportionment of the damages and the defendant held liable only for such damages as his negligence produced. *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551 ; Beach Con. Neg., p. 73, section 24 ; *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264 ; 1 Shearman & Redfield Neg. (4th ed.), sections 107, 108, 109 ; 2 *Id.,* section 741 ; *Bardwell* v. *Town of Jamaica,* 15 Vt. 438 ; 2 Thompson Neg., p. 1162, section 13 ; *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409 ; *Gould* v. *McKenna,* 86 Pa. St. 297.

The instruction in this case stated, in effect, that the plaintiff was not entitled to recover for any pain, anguish or deformity produced by her negligence in the treatment of the limb ; that if she, by her negligence in the treatment of the limb, had increased the pain, suffering and deformity, she could not recover for such increased pain, suffering and deformity produced by her own negligence, but before there could be any reduction of the damages for the pain and suffering actually sustained, and the deformity actually existing, it must appear by a preponderance of the evidence in the case that the pain, suffering and deformity were increased by the negligence of the plaintiff. We think there was no error in the seventh instruction in this respect.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed June 19, 1889.