### Brooks v. Jennings County Agricultural Joint-Stock Association.

[No. 5,204.  Filed April 4, 1905.]

1.  Jury.—*Qualifications.*—*Member of Prior Jury Within One Year.*— *Challenge for Cause.*—A juror of the regular panel, who has sat on a jury within the year preceding, other than the regular panel for the existing term, is not competent to sit over objection, and is subject to a challenge for cause by either party.  *City of Goshen* v. *England,* 119 Ind. 368, distinguished.   p. 222.

2.  Assault and Battery.—*Public Place.*—*Invitation.*—*Right to Protection.*—It is the duty of an association operating a county fair to protect its invited patrons, and for an assault and battery, by one of its employes, such association is liable.   p. 224.

From Jennings Circuit Court; *Willard New,* Judge.

Action by Isaac Brooks against the Jennings County Agricultural Joint-Stock Association.  From a judgment for defendant, plaintiff appeals.  *Reversed.*

*John Overmeyer* and *Joseph Williams,* for appellant. *Lincoln Dixon* and *H. C. Meloy,* for appellee.

Roby, J.—Appellant brought this action alleging that appellee was a corporation and the owner of a fair ground and other property in Jennings county, and that in July and August, 1902, it held a fair on said ground for its own profit, to which it invited the public generally; that it appointed and employed one Lutz as a "watchman, guard or

special policeman" to aid in preserving order on said
ground, and directed him to keep the race-track, during
hours when racing was going on, cleared, as much as pos-
sible, of persons attending the fair; that he entered upon
said employment, and was paid for his services; that said
race-track was in said fair ground, was circular, and within
the circle thereof large numbers of people and vehicles were
congregated during the time said fair was in progress, all
with the knowledge and consent of the appellee; that in con-
sequence thereof people were continuously passing to and
fro across said race-track during the entire time said fair
was in progress; that on one of the days of said fair—July
31—appellant, pursuant to said invitation, attended said
fair, paid the price of admission, and in good faith inno-
cently undertook to go across said race-track, as hundreds of
other people had been and were then and there doing, when
said Lutz, acting in the capacity as aforesaid, assaulted him,
and with great force and violence struck him with a club,
and otherwise beat, bruised and wounded him, knocking him
down, rendering him unconscious. A demurrer to the com-
plaint was overruled, an answer in general denial filed, trial
had, and verdict returned for appellee. The motion for a
new trial was overruled and such ruling is the basis of the
error assigned in this court.

1. The fifth ground stated in the motion is that the
court erred in overruling appellant's challenge, for cause, of
a juror named. The case was tried on June 5, 1903. It is
shown by a bill of exceptions that the juror, in answer to
questions propounded to him by appellant relative to his
competency to serve, stated that he had served as juror in
said court at the December term, 1902, whereupon the ap-
pellant challenged him because of such service within a
year, and under the provisions of the statute; that such chal-
lenge was overruled, and an exception reserved; that appel-
lant's peremptory challenges were exhausted in impaneling
said jury. The ruling is defended upon the ground that the

objection of service upon another jury within a year does not apply to members of the regular panel, and *City of Goshen* v. *England* (1889), 119 Ind. 368-371, 5 L. R. A. 253, is cited in support of the proposition.

There are two statutes relating to the subject: Section two of the act of March 8, 1873 (Acts 1873, p. 159, §1460 Burns 1901, §1395 R. S. 1881), is as follows: "It shall not be lawful for any officer or officers charged with the selection of a panel of petit jurors to serve in any circuit court, superior court, or criminal court of this State, to select any person to serve as such juror who has served as a juror in either of said courts in such county during the year immediately preceding such selection; and it shall be unlawful for any officer of either of said courts to select any person to serve as a talesman upon any jury therein who has served as a juror in either of said courts of the county during the year immediately preceding such selection; and should any person be selected contrary to the provisions of this act, it shall be a sufficient cause for peremptory challenge."

Section one of the act of February 27, 1883 (Acts 1883, p. 44, §1451 Burns 1901), is as follows: "That it shall not be lawful for any officer or officers, or jury commissioner or commissioners, charged with the selection of a panel of petit jurors to serve in any circuit court, superior court or criminal court of this State, to select any person to serve as a juror in either of said courts who has served as a juror in either of said courts in such county during the year immediately preceding such selection; and it shall be unlawful for any officers of either of said courts to select any person to serve as a talesman upon any jury therein who has served as a juror in either of said courts of the county during the year immediately preceding such selection; and should any person be selected as such juror contrary to the provisions of this act, it shall be a sufficient cause for challenge."

The opinion in the *City of Goshen* v. *England, supra,* was filed June 19, 1889. In that case the court sustained a chal-

lenge to the juror on account of service in a different cause during the same term of court, and it was held that in the absence of a record showing him to be a member of the regular panel, the presumption was that the challenge was properly sustained. Reference was made in the opinion to the act of 1873 only. The later act in terms provides that it shall not be lawful for any jury commissioner or commissioners charged with the selection of a panel of petit jurors to select any person who has served as a juror in either of the courts named in said county during the year immediately preceding such selection, showing very clearly, as the earlier act also does, the legislative purpose to exclude professional jurymen from all juries. The juror was not eligible. The challenge should have been sustained. *Barker* v. *Hine* (1876), 54 Ind. 542. For this error the judgment must be reversed.

2. The law relative to actions of this sort is so well settled that there ought to be no difficulty in connection with instructions to the jury. Those who visit public places in response to invitation made generally or otherwise have a right to personal protection while there, especially so as against assault from the agents and servants of the person or corporation extending such invitation. *Efroymson* v. *Smith* (1902), 29 Ind. App. 451; *Indianapolis St. R. Co.* v. *Dawson* (1903), 31 Ind. App. 605.

Judgment reversed, and cause remanded, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent herewith.