Mason *v.* State—170 Ind. 195.

---

## MASON *v.* THE STATE.

[No. 21,070.   Filed January 28, 1908.   Rehearing denied March 18, 1908.]

1. TRIAL.—*Jurors.—Prior Service Within Year.—Record.—Appeal.* —Where jurors are challenged by the State because of prior jury service within one year, and they answer upon their *voir dire* that they have so served, to question their rejection because the prior service referred to consisted of their sitting upon the regular panel during the existing term, the defendant must show, by the record, that they were members of such panel, the presumption from the court's action being that they were talesmen.  p. 197.

2. SAME.—*Challenge for Prior Service Within Year.—Prior Service on Regular Panel During Term.*—A juror who has not served on a jury within one year, and who is drawn or appointed as a member of the regular panel, cannot be challenged because of his service as a juror during such term.  p. 198.

3. INTOXICATING LIQUORS.—*Conducting Pool Room.*—Evidence that a saloon-keeper had leased the ground floor of a building, containing two rooms, and had applied for, and was granted a license to retail liquors in the front room, no license being granted for the conducting of any business in connection therewith, that he rented the rear room to his bartender for a pool and gambling room, that chips were sold bearing the saloon-keeper's name and redeemable at the bar—either in coin or trade, that he was active in the conduct of the pool room and a participant in the profits, sustains a conviction for unlawfully conducting another business in connection with his saloon.

4. INTOXICATING LIQUORS.—*Conducting Other Business in Connection with Sale of.*—*Evasions.*—A saloon-keeper will not be permitted to evade the law prohibiting him from conducting other business in connection with the saloon business by employing some one else to operate such other business. p. 202.

5. APPEAL.—*Right Result.*—Under §2221 Burns 1908, Acts 1905, p. 584, §334, the Supreme Court will not reverse a conviction, where the alleged errors did not prejudice the substantial rights of the defendant. p. 203.

From Clinton Circuit Court; *J. F. Elliott*, Special Judge.

Prosecution by the State of Indiana against John R. Mason. From a judgment of conviction defendant appeals. *Affirmed.*

*Boulden & Boulden* and *William R. Moore*, for appellant.

*James Bingham*, Attorney-General, *A. G. Cavins, H. M. Dowling* and *E. M. White*, for the State.

JORDAN, J.—Appellant, a licensed retailer of intoxicating liquors, was charged by affidavit with having on March 14, 1907, at Clinton county, Indiana, violated the provisions of section two of the statute commonly known as the Nicholson law (Acts 1895, p. 248, §8325 Burns 1908). The affidavit charged that he had been licensed under the laws of the State of Indiana, by the board of commissioners of Clinton county, to sell intoxicating liquors in a less quantity than five gallons at a time; "that while engaged, under said license, in the sale of such liquors, he did then and there unlawfully fail and neglect to provide for the sale of such intoxicating liquors in said room separate from any other business of any kind; that he did then and there unlawfully permit certain devices for amusement to be and remain in said room; that he did then and there, while engaged in the sale of such intoxicating liquors in said room, unlawfully permit a certain partition to be and remain in said room, contrary to the form of the statute." Appellant entered a plea of not guilty. Trial by jury, and a verdict returned, finding him guilty and assessing his punishment at a fine of $100 and imprisonment in the county jail for fifteen days. A motion

for a new trial was denied, and judgment was rendered upon the verdict.

We express no opinion in respect to the sufficiency of the affidavit, for the reason that counsel for appellant in their brief do not assail it on the overruling of any motion to quash, nor on the overruling of a motion in arrest of judgment; neither do they question its sufficiency by an assignment of error in this appeal to that effect.

Counsel for appellant first complain of the ruling of the lower court in permitting the State, under §1667 Burns 1908, Acts 1883, p. 44, to challenge and set aside three jurors, on the ground that each had served upon a jury in the Clinton Circuit Court within one year next preceding (2 Thornton's Civil Code, §1287). These jurors, upon being examined upon their *voir dire,* admitted that they each had served upon a jury in said court during the year immediately preceding. Counsel, however, assert that each of the jurors was a member of the regular panel at the then current term of court, and therefore not subject to challenge under said statute. The infirmity of their argument, however, is that there is no record evidence in the transcript to show that each of these jurors was a member of the regular panel, by reason of his having been drawn as such by the jury commissioners, or by having been placed upon such panel by the order or direction of the Clinton Circuit Court, to serve during the then current term. For aught appearing in the transcript, we may presume that the jurors were only talesmen and nothing more. In fact, as the trial court sustained the challenges, we, in the absence of anything to the contrary, must presume that the court found the jurors were not members of the regular panel. The question as presented falls fully within the decision of this court in the case of the·*City of Goshen* v. *England* (1889), 119 Ind. 368.

It is true that a juror who is a member of the regular panel at a current term of court cannot be challenged and

set aside in the trial of a cause at such term upon the ground that previously during said term, after becoming a member of the regular jury panel, he served as such in the trial of a cause. Under such circumstances he could not be said to have served on the jury within a year in the meaning of the statute in question. In case, however, a person has served on a jury in either of the courts mentioned in the statute within a year immediately preceding his selection, either as a member of the regular jury panel or as a talesman, then, under the circumstances, he is not competent to be again selected as a juror within the year immediately succeeding such service, neither upon the regular panel nor as a talesman in either of said courts, and, if so selected, in violation of the statute, he may be challenged by either party in the trial of a cause. *Brooks* v. *Jennings County, etc., Assn.* (1905), 35 Ind. App. 221. Under the circumstances no error is presented upon the decision of the court in sustaining the challenge of the State in respect to the jurors in question.

The undisputed evidence in the record fully establishes the following facts: Appellant, on and prior to March 14, 1907, was engaged in retailing intoxicating liquors in the city of Frankfort, Clinton county, Indiana. He had been granted a license, under the laws of the State of Indiana, by the board of commissioners of said county, to sell such liquors at retail in a certain room of a building on the ground floor which fronted on Main street in said city. At the time he procured his license, and during the period he was engaged in the retail of intoxicating liquors thereunder, he was the lessee of the entire ground floor of the premises hereafter mentioned. The whole length of this ground floor, so far as the evidence shows, is about seventy-six and one-half feet, and the width, twenty-one and five-twelfths feet, and is divided by a partition into a front and back room. Appellant, in his notice given in the matter of his application for a license, located the premises upon

which he intended to sell intoxicating liquors, as "a room located on the first floor fronting on Main street, situated on lot No. 28 in the original plat of Frankfort, Indiana [described by metes and bounds], the interior of said room being forty-nine and one-half feet in length, east and west, and twenty-one and five-twelfths feet in width, north and south." He appears to have obtained his license to conduct a saloon on that part of this ground floor which extends from the front entrance on Main street to the partition heretofore mentioned. The dimensions of the front or saloon room, as stated in his notice, were forty-nine and one-half feet in length and twenty-one and five-twelfths feet in width, with a closet under the stairway. He did not receive any permit from the board of commissioners to carry on in connection with his saloon any other or different business than the sale of intoxicating liquors. In the front room was located the bar of the saloon over which the liquors were sold. Leading from this barroom was a doorway affording an entrance into the rear room. This latter room was denominated by the witnesses at the trial as "the pool and card room." It was twenty-seven feet in length, and the door of the entrance therefrom into appellant's barroom was "fastened back," thereby affording to all persons in the barroom free and easy access to the "pool and card room." The latter room was supplied with chairs and card tables and contained four pool tables. All of these tables and the other furniture in the room were owned by appellant. The pool tables were used by persons in playing pool games. The card tables were used by persons in playing with cards the games of "euchre," "sevenup," and "freeze-out." There was also a back door which afforded an entrance from the rear into and out of the "pool and card room." Checks were sold by persons in charge of this room to players in the games. In playing upon the tables the winner of a game would receive checks from the losing party. Each of the checks was worth five cents in the purchase of whiskey or beer at appellant's

bar, and was used for that purpose. On one side of the checks were appellant's initials "J. R. M.," and on the other side was the letter "M." Appellant appears to have subleased this "pool and card room" to Claude Hinson, one of his bartenders. Appellant paid the bills for the light and water consumed therein. Hinson, the lessee and bartender in charge of this room, carried drinks from the saloon into the "pool and card room," and served them to the players. Hinson testified that he gave out checks to the players in the "pool and card room," and that each check was worth five cents in exchange for liquors at appellant's bar, and two and one-half cents if redeemed in cash at the bar. Appellant shared in and received part of the profits arising out of the operation of the card and pool tables. The games played on the tables are shown to have increased and promoted the sales of liquors at appellant's bar. At times appellant would invite persons to play at games upon these tables. Whiskey and beer were frequently served from appellant's bar to players and other persons in the pool room. The partition wall which divided the two rooms is of brick and was built at the time the building was constructed.

The facts stated show the condition of affairs at appellant's saloon in the city of Frankfort, and its connection with the business as conducted in the "pool and card room," on and prior to March 14, 1907. Thereunder the question is raised as a matter of law, did appellant violate the provision of section two of the act of 1895, *supra*, which positively requires a licensed retailer of intoxicating liquors to "provide for the sale of such liquors in a room separate from any other business of any kind?" It is manifest that the facts in this case show that he was not complying with this provision of the statute. In *Atkinson* v. *State* (1904), 33 Ind. App. 8, 16, a question of similar import to the one here involved was under consideration. The court in that case properly said: "A back or side room used in connection with the business of selling intoxicating liquors under a

license, and in aid, promotion, or furtherance of such business, is not contemplated as permissible under the statute. * * * The statute classes appliances for amusement in connection with the retailing of intoxicating liquors as constituting an unlawful accompaniment of a licensed saloon or drinking place unless expressly permitted by the license, when the amusement must be furnished in the same room where the liquors are sold and drunk, and not elsewhere." As the facts disclose, appellant was the lessee of the entire ground floor. This floor was divided into two rooms by a partition in which there was a doorway affording an easy entrance from the front room to the back room. He claimed to have subleased the back room to one of his bartenders for the purpose of operating pool and card tables therein. Appellant was the owner of these tables and of all the other furniture in this room. He paid for the light and water consumed therein, and shared with his bartender in the profits arising from the operation of the pool and card tables. The sales of liquors over his bar are shown to have been increased and promoted by reason of the games played upon these tables. It appears that checks won by the players in the games were either exchanged by them at the bar for liquors or were redeemed by appellant at the bar in cash, and he appears to have been so interested in the operation of the pool and card tables that he would invite persons to indulge in playing games thereon. The checks sold to the players by the bartender in charge of the pool room bore the initials of appellant's name. The fact that he shared in and received a part of the profits arising out of the business of operating the pool and card tables, together with other facts, shows that he was interested with Hinson, his bartender, in operating the "pool and card tables" in connection with his saloon in aid or promotion of the sales of liquors at the bar. His claim that the partition was the boundary line dividing the business conducted in the saloon from the business carried on in the "pool and card room," and the subleasing of

the latter room to his bartender, in the light of all the facts and circumstances in the case, must be regarded as a mere mask to cover up the real connection between the business in the barroom and that carried on in the back room, and in this manner, aided by his bartender, he appears to have endeavored to evade the statute which required him to provide for the sale of his liquors separately and apart from other business of any kind. The law always looks to substance rather than to "shades and shadows," and will not permit a person to defeat the very purpose of the law by disguising the real character of a transaction. In *Government, etc., Inst.* v. *Denny* (1900), 154 Ind. 261, this court said: "It is an ancient legal maxim that when anything is prohibited directly, it cannot be done indirectly; or, in other words, the prohibition which the law imposes cannot be evaded by any circuitous contrivance. Barton's Legal Maxims, 277; Broom's Legal Maxims (8th Am. ed.), *489." In *State, ex rel.,* v. *Forsythe* (1897), 147 Ind. 466, 472, 33 L. R. A. 221, this court quoted with approval the following from Maxwell, Interp. Stat. (2d ed.), pp. 133, 134, which, under the facts, is certainly applicable to the case at bar: " 'It is the duty of the judge to make such construction as shall suppress all evasions for the continuance of the mischief. To carry out effectually the object of the statute, it must be so construed as to defeat all attempts to do or avoid in an indirect or circuitous manner that which it has prohibited or enjoined. * * * A statute is understood as extending to all such circumventions, and rendering them unavailing. * * * When the acts of the parties are adopted for the purpose of effecting a thing which is prohibited, and the thing prohibited is in consequence effected, the parties have done that which they have purposely caused, though they may have done it indirectly. When the thing done is substantially that which was prohibited, it falls within the act, simply because, according to the true construction of the statute, it is the thing thereby prohibited. Whenever courts

see such attempts at concealment, "they brush away the cobweb varnish" and show the transaction in its true light. They see things and see through them as ordinary men do. Whatever might be the form or color of the transaction, the law looks to the substance of it.  · In all such cases, it is, in truth, the particular transaction rather than the statute which is the subject of construction; and if it is found to be in substance within the statute, it is not suffered to escape from the operation of the law by means of the disguise under which its real character is masked.' "   In this case the particular acts of appellant, in respect to the business conducted in the back room, when properly construed or interpreted, disclose a studied method on his part to evade the provisions of the statute.   As the authorities affirm, it becomes the duty of a court in such a case to accord to the acts in question such a construction as will remove all disguises employed to evade the law.   Counsel for appellant criticise as erroneous some of the instructions of the trial court, and also contend that the court erred in refusing to give certain instructions requested by appellant.   We have given no consideration to these alleged errors, for the reason that if any error was committed in giving or refusing the instructions in dispute, such error would not result in a reversal of the judgment, because, in our opinion, the conviction is clearly sustained by the facts established by the evidence, and the jurors could not, without disregarding their oaths, have done otherwise than to find appellant guilty.   By the provisions of §2221 Burns 1908, Acts 1905, p. 584, §334, we are required to disregard all errors of the trial court which did not prejudice the substantial rights of the defendant.   *Reed* v. *State* (1895), 141 Ind. 116, and cases there cited.

Judgment affirmed.