TOTH *v.* STATE OF INDIANA.

[No. 13,634. Filed April 5, 1929.]

*W. A. Cullop*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Bernard A. Keltner*, Deputy Attorney-General, for the State.

NICHOLS, J.—Prosecution by the State on affidavit filed in the city court of Vincennes, charging appellant and one Ed Scharf, in the first count, with unlawfully possessing, transporting, receiving, handling and otherwise disposing of intoxicating liquor, and, in the second count, with unlawfully maintaining and assisting to maintain a common nuisance where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage and where such liquor was sold in violation of the statutes of the state. Both parties so charged were found guilty in the city court and thereupon appealed to the circuit court.

Scharf withdrew his plea of not guilty and pleaded guilty, whereupon the court sentenced him to thirty days in the county jail and assessed a fine of $100 against him. The cause as to appellant was submitted to a jury for trial, and he was found guilty as charged in the first count of the affidavit, and his punishment was fixed at imprisonment in the county jail for ninety days and a fine of $100. There was judgment accordingly, from which this appeal, after appellant's motion for a new trial was overruled.

Appellant presents the insufficiency of the evidence to sustain the verdict and error in certain instructions. It clearly appears by the evidence that the place where the alleged violations were committed

was a regular barroom, with bar, bar fixtures, chairs, screen and cigar case. The bar was about twelve feet long, from behind which, appellant, with his hat off, was serving customers. He was so seen a number of times by policemen patrolling the beat. When approached, he poured some liquor through a hole in the floor into the basement and, at another time, kicked some bottles through the hole, and they were heard to crash in the basement; afterwards, in both instances, the fumes of liquor were smelled. After Scharf's plea of guilty, appellant claimed that the business belonged to Scharf, but there was evidence that he (Toth) paid the rent upon the premises, using his personal check therefor. The evidence is abundant, we may say conclusive, that appellant was equally guilty with Scharf. Under such evidence, we may well say that he may consider himself fortunate that he was not convicted upon both counts of the indictment in the circuit court, as he was in the city court.

Appellant criticizes as erroneous some of the instructions of the court, but we may well say, in the language of the court in *Mason* v. *State* (1908), 170 Ind. 195, 83 N. E. 613, that "we have given no consideration to these alleged errors, for the reason that if any error were committed in giving or refusing the instructions in dispute, such error would not result in a reversal of the judgment, because, in our opinion, the conviction is clearly sustained by the facts established by the evidence, and the jurors could not, without disregarding their oaths, have done otherwise than to find appellant guilty." To the same effect, see *Hay* v. *State* (1912), 178 Ind. 478, 98 N. E. 712, Ann. Cas. 1915C 135.

It is expressly provided by statute, §2394 Burns 1926, that "upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decisions or

actions of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant."

Affirmed.