HAMPTON *v.* STATE.

Crim. 3846

Opinion delivered September 25, 1933.

*Hal L. Norwood,* Attorney General, and *John H. Caldwell,* Assistant, for appellee.

SMITH, J. At the trial from which this appeal comes appellant sought to challenge three citizens who were present as veniremen, for the reason that they had been members of a regular panel within two years prior to that date. Appellant had exhausted the challenges allowed him by law, and sought to challenge these veniremen for the reason stated. The court denied his right to do so, and these jurors served at the trial. Appellant was convicted, and has appealed.

The Attorney General has confessed error, upon the authority of the case of *Beavers* v. *State, ante* p. 722, 61 S. W. (2d) 1113, in which case we construed act 135 of the Acts of 1931, page 363, entitled, "An Act to regulate jury service." We there held that under this Act of 1931 it was ground for peremptory challenge that a juror had served on a regular panel of a petit jury or of a grand jury within two years next preceding the time he is called for jury service, and that this disqualification for service applied to special jurors as well as to regular jurors.

It is not service as a special juror which disqualifies. The person rendered ineligible under the Act of 1931 is one who has served on a grand or petit jury during a regular term of court, and this ineligibility continues for two years thereafter, and for that period of time disqualifies for further jury service, either as a regular or as a special juror.

Appellant should have been permitted, therefore, to challenge these jurors, and the confession of error will be sustained, and the judgment is reversed and the cause remanded for a new trial.