Diane DANCEY, Appellant–Plaintiff,

v.

Melvin STROUD, Appellee–Defendant.

No. 56A03–9107–CV–191.

Court of Appeals of Indiana,
Third District.

Oct. 30, 1991.

John M. Kopack, Merrillville, for appellant-plaintiff.

John E. Hughes, Heidi B. Jark, Hoeppner, Wagner & Evans, Valparaiso, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff Diane Dancey appeals the jury's verdict in favor of the appellee-defendant Melvin Stroud.

One issue is raised for review: whether the trial court erred in failing to strike three prospective jurors for cause pursuant to IND.CODE § 33–4–5–7(c) (1990 Supp.).

During *voir dire*, Dancy attempted to strike jurors two, four, and five from jury selection based on their testimony that they had served on a jury within the past 365 days. The trial court denied Dancy's challenge for cause.

Dancy claims the trial court's denial of her objection to jurors two, four, and five is in violation of IND.CODE § 33–4–5–7(c). This statute states:

"(c) A person may not serve as a petit juror in any county if the person served as a petit juror in the same county within the previous three hundred sixty-five (365) days. The fact that a person's selection as a juror would violate this subsection is sufficient cause for challenge."

The three jurors stated, during *voir dire* examination, that they had served as jurors previously during their term as jurors. In other words, the jurors had been selected for jury duty as a part of a large regular panel and were required to serve a term, three months unless otherwise specified by the trial judge, for whatever cases were tried in that particular judge's court. This procedure is governed by IND.CODE § 33–4–5–9(d) (1988 Ed.):

"(d) The sheriff or bailiff shall call the jurors to the jury box in the same order in which their names were drawn. Jurors shall serve for three (3) months, or for a shorter period if a shorter period is specified in the judge's written order."

This issue was discussed in *Arbuckle v. State* (1977), 173 Ind.App. 529, 364 N.E.2d 772, *rev'd on other grounds*, 173 Ind.App. 529, 366 N.E.2d 200. The *Arbuckle* court explained that when a trial judge has a regular panel of jurors, serving a maximum of three months, these jurors are allowed to serve repeatedly as a regular trial juror at any time during the panel's existence. In fact, the Court noted that it has long been recognized that a person may be challenged for having sat on a jury within the previous year only if he is not a member of the regular panel. *Id.* at 537, 364 N.E.2d at 777. *See The City of Goshen v. England* (1889), 119 Ind. 368, 21 N.E. 977. Since jurors two, four, and five had served on another trial only during their term as jurors of the regular panel, the rule against serving on more than one jury within 365 days did not apply. Therefore,

the trial court did not err in denying Dancy's challenge for cause.

Affirmed.

STATON and BUCHANAN, JJ., concur.