## SHOCKLEY *v.* STATE OF INDIANA.

[No. 24,364.   Filed February 26, 1924.]

1. CRIMINAL LAW.—*Change of Venue from Judge.—Appointment.*—After a motion for change of venue from the judge, in a criminal prosecution, a judge was selected by the process of choice from five nominees of the judge provided for by §2075 Burns' Supp. 1921, Acts 1915 p. 30; the judge so appointed being unable to serve, another judge was selected in the same manner; *held,* there was no error in so selecting a second judge. p. 323.

2. CRIMINAL LAW.—*Separate Trial of Defendants Charged with Misdemeanor.*—A separate trial for defendants charged jointly may be demanded as of right, only when the offense charged is a felony, under the provisions of §2135 Burns 1914, Acts 1905 p. 584, §259, and in a prosecution for misdemeanor the granting of a separate trial is discretionary with the court. p. 325.

3. CRIMINAL LAW.—*Change of Venue.—Severing Trial of Two Defendants.*—An application by one of two joint defendants prosecuted for misdemeanor, for a change of venue from the judge, does not have the effect of severing the trial of the other. p. 325.

4. CRIMINAL LAW.—*Gaming.—Evidence of Reputation.—Harmless.*—In a prosecution for keeping a room for gaming the uncontradicted evidence of the state was that both defendants had maintained a room where gaming was carried on, being there in person, sometimes together and sometimes one at a time, and that they were in charge of the games; *held,* that evidence of the reputation of the place admitted over defendants' objection, even if error, was not prejudicial and would be disregarded by the Supreme Court under §2221 Burns 1914,

Acts 1905 p. 584, §334, requiring the Supreme Court to disregard technical errors that do not prejudice the substantial rights of the defendant.  p. 326.

5.  CRIMINAL LAW.—*Admission of Evidence.*—*Harmless Error.*— When improper evidence is admitted which tends only to disclose a fact which is conclusively proved by other legitimate evidence, the error is harmless.  p. 327.

From Marion Criminal Court (54,021); *Emsley W. Johnson,* Special Judge.

George Shockley and Roy Travis were convicted of conducting a gaming house, and they appeal.  *Affirmed.*

*Eph Inman, Henry Spaan* and *Edwin Steers,* for the appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *O. S. Boling,* for the State.

WILLOUGHBY, J.—This is a prosecution by indictment against the appellants, George Shockley and Roy Travis, and another for a violation of §2466 Burns 1914, Acts 1905 p. 584, §557.  The charging part of the indictment is that "the Grand Jurors of Marion county, State of Indiana, upon their oaths present that George Shockley and Roy Travis and  *  *  *  on or about the 8th day of January, A. D. 1922, and continuously since that time up to and including the first day of September A. D. 1922, did then and there in the county of Marion and State aforesaid, unlawfully and knowingly keep a room on the second floor of a certain building, commonly known as 2129½ E. Washington Street, in the city of Indianapolis, in said county and state aforesaid, to be used and occupied for gaming."

Each defendant waived arraignment and entered a plea of not guilty.  A trial by jury resulted in the following verdict:  "We, the jury, find the defendants guilty, as charged in the indictment and that each be

fined in the sum of $500 and imprisoned in the county jail—Indiana State Farm—for a period of thirty days."

After a motion for new trial had been made and overruled judgment was entered upon this verdict, and from such judgment the appellants appeal. Each appellant made a separate assignment of errors and each appellant has filed a separate brief herein.

The questions presented for the consideration of this court are: (1) Did the lower court err in overruling the separate and several motion of the appellants objecting to the appointment of and qualification of Emsley W. Johnson as special judge? (2) Did the lower court err in overruling appellants' separate and several motion for a separate trial? (3) Did the lower court err in changing the venue of this cause as to the appellant Travis from the regular judge upon the separate motion of his codefendant, George Shockley? (4) Did the lower court err in permitting the introduction of evidence tending to show the reputation of the place alleged to have been kept as a gaming house?

Section 2075 Burns' Supp. 1921, Acts 1915 p. 30, provides for the selection and appointment of a special judge in a criminal case where a change of venue

1.  is taken from the judge. After providing that if the prosecuting attorney on behalf of the state and the defendant shall agree in open court upon some judge or member of the bar of any court in this state to try such cause it shall be the duty of such court to appoint such judge or attorney so agreed upon to try such cause. In this case the prosecuting attorney and the defendant did not agree on a special judge and the statute provides that "In the absence of such agreement, it shall be the duty of the court within five days to nominate five competent and disinterested persons, each of whom shall be an available judge or member of the bar of this state, to be submitted to the parties in

the action from which the State of Indiana, by the prosecuting attorney, for the plaintiff's side and defendant or defendants, within two days thereafter may strike off two of such names, each. The court shall thereupon appoint such person who shall remain unchallenged to preside in said cause. * * * And if the person so appointed, if not a regular judge, if he consent to serve, such attorney shall be qualified as other judges and his appointment and oath shall be filed with the clerk and entered on the order book and he shall have power to hear and determine such cause until the same is finally disposed of."

The record shows that on March 9, 1923, appellant, George Shockley, filed an affidavit for change of venue from the Hon. James A. Collins, Judge of the criminal court of Marion county, which was on the same day sustained and five names submitted to the parties from which to strike in the selection of such judge. As a result of such striking off of names, the name of James E. Deery was left. The trial of the cause was set for March 15, 1923, and the said James E. Deery having notified the judge that he could not sit as special judge in that case at the time set because he would be absent from the city, the judge of the criminal court, without objection of the defendants or either of them, then submitted five other names of persons possessing the qualifications required of a special judge and two names having been struck off by the prosecutor and two by the defendants, left the name of Emsley W. Johnson, to be selected as special judge and the said Emsley W. Johnson, on March 13, 1923, was by the judge of the criminal court of Marion county, legally appointed as special judge to try said cause. Said Emsley W. Johnson accepted such appointment and was duly qualified and assumed jurisdiction over said cause. We have examined each of the briefs and have examined the

part of them in which the record is set out and we find no legal objection pointed out to the appointment of said Emsley W. Johnson as such special judge and we know of no such objection. The lower court did not err in the appointment of said special judge.

Each of the appellants allege that the trial court erred in overruling their separate and several motion for a separate trial. Section 2135 Burns 1914, Acts 1905 p. 584, §259, provides, "when the indictment or affidavit is for a felony charged against two or more defendants jointly, any defendant requiring it before the jury is sworn, must be tried separately." This is a re-enactment of §1822 R. S. 1881, except that in the Act of 1905, the word "affidavit" is substituted for the word "information." Prior to the Act of 1881, this provision of the statute read as follows: "When two or more defendants are indicted jointly any defendant requiring it must be tried separately." See Davis Revised Statutes 1876 p. 401, §105.

2.

Under this statute it was held that in prosecutions for misdemeanors by indictment defendants must have a separate trial if demanded. See, *Trisler* v. *State* (1872), 39 Ind. 473. Though not when prosecuted by information. *Lawrence* v. *State* (1858), 10 Ind. 453.

The statute as it now stands is plain and requires a separate trial only when the offense charged is a felony. In cases of misdemeanor the granting of a separate trial is discretionary with the court. See, §2135 Burns 1914, *supra; Douglass* v. *State* (1880), 72 Ind. 385; 16 C. J. 788, §2011.

Appellants rely on *Shular* v. *State* (1886), 105 Ind. 289, 55 Am. Rep. 211. The indictment in that case was for murder and under the statute which we have just cited, he was entitled to a separate trial. *Jones* v. *State* (1899), 152 Ind. 318, also cited by appellants to sustain their contention was also a prose-

3.

cution for a felony and under the statute just cited, each defendant was entitled to a separate trial. This was an application for a change of venue from the judge and did not have the effect of severing the trial of two defendants in the instant case, it being a misdemeanor.

The appellant, Roy Travis, claims that the court erred as to him in changing the venue of the cause from the regular judge on application of his codefendant, George Shockley. An examination of the record as set out in appellant's brief does not show that he ever made this objection to the trial court. It appears from the record that when his codefendant moved the court for a change of venue from the judge, he immediately moved the court for a separate trial. For reasons above stated such motion was properly overruled.

Appellants each allege that the court erred in permitting a witness at the trial of the cause over appellants' objection to state that he was acquainted with the general reputation of the room and place alleged to have been kept by appellants during the time covered by the indictment; that the reputation was bad and it was a place resorted to for the purpose of gambling. If it be conceded in this case that such evidence should not have been admitted, was it harmful to the appellants or either of them? The only evidence in the trial of the cause was the testimony of witnesses on behalf of the state. This testimony was not in any manner contradicted and shows that from sometime in February, 1922, to about the first of September, 1922, this room described in the indictment was used and occupied by each of the defendants for the purpose of gambling. The evidence shows without contradiction that both of said defendants were there, sometimes both at once and sometimes one at a time. They had charge of games played there at that place. That they watched the games and collected the take-off and when any one

owed a debt for gambling they collected it. That this continued during the entire time covered in the said indictment in this case.

Section 2221 Burns 1914, Acts 1905 p. 584, §334, requires that the Supreme Court shall disregard all technical errors that do not prejudice the substantial rights of the defendant. *Leach* v. *State* (1912), 177 Ind. 234; *Robinson* v. *State* (1912), 177 Ind. 263; *Woodsmall* v. *State* (1913), 179 Ind. 697; *Hay* v. *State* (1912), 178 Ind. 478, Ann. Cas. 1915C 135; *Medly* v. *State* (1915), 183 Ind. 660; *Walker* v. *State* (1916), 185 Ind. 240, 1 A. L. R. 1255; *Smith* v. *State* (1917), 186 Ind. 252.

It has been held in this state that when improper evidence is admitted which tends only to disclose a fact which is conclusively proved by other legitimate evidence, the error is harmless. *Lee* v. *State* 191 Ind. 515, 132 N. E. 582; *Massachusetts, etc., Ins. Co.* v. *State, ex rel.* (1921), 191 Ind. 595; *Carpenter* v. *State* (1921), 190 Ind. 611; *Board, etc.,* v. *Hammond* (1882), 83 Ind. 453.

No reversible error being shown, the judgment is affirmed.