## NEELY v. STATE OF INDIANA.

## LEE v. STATE OF INDIANA.

[Nos. 24,359, 24,360. Filed February 28, 1924. Rehearing denied June 3, 1924.]

1. JUDGES.—*Change of Venue.—Motion by One of Several Codefendants.—Jurisdiction.*—Where a change of venue from a regular judge to a special judge had been granted on motion of one of several defendants, the granting of separate trials to the several defendants would not have reinvested the regular judge with jurisdiction over their persons or the subject-matter of the action. p. 668.

2. CRIMINAL LAW.—*Joint Indictment.—Right to Separate Trial. —Discretion of Court.*—Where the offense charged against several defendants was a misdemeanor, and a change of venue from the regular judge to a special judge had been granted on motion of one of the several defendants without any objections by his codefendants, denial of a separate trial to the codefendants, *held* within the discretion of the court and not error, unless it is shown that the court abused that discretion. p. 669.

3. CRIMINAL LAW.—*Change of Venue.—Trial.—Jurisdiction of Trial Court over Persons.—Waiver.*—Where one of three codefendants had been granted a change of venue from the regular judge to a special judge, and the two codefendants voluntarily appeared and submitted themselves to the jurisdiction of the special judge without objection, waived arraignment and answered in bar to the action, *held* the two codefendants waived any question of jurisdiction over their persons. p. 669.

4. CRIMINAL LAW.—*Appeal.—Jurisdiction of Trial Court over Person or Subject-Matter.—Questions Presented for First Time.*—The question of the jurisdiction of the court over the person or subject-matter may be raised for the first time in the Supreme Court. p. 669.

From Marion Criminal Court (54,234); *Harry O. Chamberlain,* Special Judge.

Prosecution by the State of Indiana against John Neely, Harry Lee and another for keeping a room used and occupied for gaming. From a judgment of conviction, the named defendants appeal. *Affirmed.*

*Holmes & McCallister* and *Eph Inman*, for appellants.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—We have examined and compared the records and briefs of counsel filed in connection with the above entitled appeals, and have reached the conclusion that no good purpose will be subserved by writing an opinion in each case. Hence, for the purposes of an opinion, these cases are consolidated.

Appellants and one other person were jointly charged by indictment, tried at the same time, and convicted of unlawfully keeping a room used and occupied for gaming, in violation of §2466 Burns 1914, Acts 1905 p. 584. Their separate motions for a new trial were overruled, and judgment followed in accordance with the verdict of the jury. They prosecuted separate appeals, but rely upon like assignments of error and causes for the reversal of the judgment against them.

The several reasons presented and urged in support of their several assignments are: (1) The court's action in refusing to grant each of them a separate trial; (2) want of jurisdiction of the special judge over the person of appellants; (3) error of the court in admitting certain evidence on behalf of the State; and (4) the verdict of the jury was contrary to law.

Referring to the first insistence, it appears that appellants' codefendant, in the court below, sought and obtained a change of venue from the regular judge. A special judge was appointed before whom appellants appeared and, without objection, entered a general plea of not guilty, and at the same time moved the court in writing for separate trials. This motion was overruled. Appellants insist that this ruling was erroneous and harmful to them because they were compelled to go upon trial before a

special judge whose appointment was not occasioned by any act of either of them and before whom they were not willing to be tried. Their argument in support of this contention proceeds upon the theory of a constitutional right to a trial before an impartial tribunal, and that a change of judge on account of his bias and prejudice is a personal privilege. It is true appellants did not ask for a change of judge, neither did they object to such change, nor did they bring to the attention of the trial court any reason why they could not have a fair and impartial trial before him, nor do they here suggest anything tending to show a hostile attitude toward them by the presiding judge. Moreover, if appellants had been granted separate trials, such ruling would not have reinvested the regular judge with jurisdiction over their person or the subject matter of the action, as seems to be the thought of appellants.

The offense charged was a misdemeanor, and the right to a separate trial by parties so jointly charged is a matter for the exercise of judicial discretion. 2. In the instant case appellants fall far short of showing an abuse of that discretion. Hence, we hold that appellants' insistence is not well taken. *Shockley* v. *State* (1924), *ante* 321 and cases there cited.

The contention of appellants attacking the jurisdiction of the special judge over their person cannot be sustained, for the reason it appears that appellants 3, 4. voluntarily appeared and submitted themselves to the jurisdiction of the court. They in no manner, prior to filing their motions for a new trial, questioned the jurisdiction of the trial court over their person and obtained a ruling of the court in that respect. While the question of jurisdiction of the court over the person or subject-matter may be raised for the first time in this court, yet when it is made to appear, as

here, that the defendants, without objection, waived an arraignment and answered in bar to the action, they thereby waived any question of jurisdiction over their person. *Burrell* v. *State* (1891), 129 Ind. 290; *State* v. *Nugent* (1909), 108 Minn. 267, 121 N. W. 898; *People* v. *Perrin* (1915), 170 App. Div. (N. Y.) 375, 377, 155 N. Y. Supp. 698; *Greene* v. *American Malting Co.* (1913), 153 Wis. 216, 140 N. W. 1130; *Brown* v. *State* (1913), 9 Okla. Cr. 382, 395, 132 Pac. 359; *Kemper* v. *State* (1911), 63 Tex. Cr. Rep. 1, 23, 138 S. W. 1025.

On the subject of the admission of incompetent evidence, we may say that this exact question was presented, considered and decided in the case of *Young* v. *State* (1924), *ante* 345, 141 N. E. 629, and upon the authority of that case we hold that no reversible error was committed by the court in admitting the questioned testimony.

Appellants, in support of their contention that the verdict of the jury was contrary to law, rely solely upon the premise that the court had no jurisdiction over the person of appellant. What we have already said pertaining to the question of the court's jurisdiction furnishes sufficient grounds for holding that the verdict is not impeachable for want of the court's jurisdiction over the person of appellants.

No other questions are presented.

The judgment in each of the above entitled causes is affirmed.