STEVENS *v.* STATE OF INDIANA.

[No. 13,582.   Filed April 2, 1929.   Rehearing denied June 27, 1929.
Transfer denied January 29, 1931.]

*Guy W. Dausman* and *Hawley O. Burke,* for appellants.
*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

ENLOE, C. J.—The appellants were charged in affidavit, in one count, with maintaining a common nuisance, as defined in §2740 Burns 1926.   So much of said section as is herein involved is as follows:   "Any room, house, building, boat, structure or place of any kind where intoxicating liquor is sold, manufactured, bartered, or given away in violation of. law, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or any place where such liquor is kept for sale, barter or gift in violation of the laws of this state, and all intoxicating liquors, and all property kept in and used in maintaining such place, are hereby declared to be a common nuisance; and any person who maintains, or assists in maintaining, such common nuisance shall be guilty of a misdemeanor and upon conviction shall be fined," etc.

Upon being brought into court, each of the appellants moved the court to be granted separate trials.   Their said motions were each overruled, and this ruling is the only alleged error properly presented on this appeal.

The statute, defining the offense of which the appel-

lants were convicted, expressly declares said offense to be a misdemeanor. It has repeatedly been held in this state that, in misdemeanor cases, it is within the discretion of the trial court to allow, or to refuse to allow, separate trials. *Shockley* v. *State* (1924), 194 Ind. 321, 142 N. E. 850; *Neely* v. *State* (1924), 194 Ind. 667, 142 N. E. 852.

No abuse of discretion in this case is attempted to be shown.

Affirmed.