BROWN *v*. STATE OF INDIANA.

[No. 13,633. Filed August 30, 1929. Rehearing denied December 17, 1929. Transfer denied January 29, 1931.]

*Carl J. Broo, Overson & Manning* and *Olin R. Holt,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

PER CURIAM.—Appellant and another were by affidavit charged with keeping a gaming device. Appellant was convicted and, on appeal, contends the court erred in overruling his motion for a new trial. The specifications relied on for a reversal are that the court erred in overruling his motion asking that he be tried separately from his codefendant. That the court erred in giving certain instructions, and that the verdict is not sustained by sufficient evidence.

Neither the motion for a separate trial nor the substance thereof is set out in appellant's brief. The offense charged being a misdemeanor, it was within the discretion of the court to grant a separate trial. *Shockley* v. *State* (1924), 194 Ind. 321, 142 N. E. 850; *Neely* v. *State* (1924), 194 Ind. 667, 142 N. E. 852. No error is shown in the action of the court in overruling this motion.

Appellant next contends the court erred in giving instructions Nos. 4, 5, 8, 10 and 13. Appellee calls attention to the specification in appellant's motion for a new trial wherein he challenges the action of the court in giving instructions. This specification is that the court erred in giving instructions Nos. 1 to 17 inclusive. This specification is joint and challenges the instructions as a whole. There is no contention that all of them are erroneous. On the authority of *Jones* v. *State* (1903), 160 Ind. 537, 67 N. E. 264, we hold no available error has been shown in relation to the giving of instructions.

In so far as the last contention is concerned, appellant contents himself with the bare statement that, "the evidence in this case does not support the verdict." Two authorities are cited in support of this statement, but no attempt has been made to apply the statement to the evidence or to show what, if any, proof is wanting.

Appellee also calls attention to the fact that appellant's motion for a new trial was overruled at the September term 1926, at which time he excepted. No time was then given for a bill of exceptions and no bill was presented within that term. About a month after the motion for a new trial was overruled, the court gave time for presenting such bill, and it was filed within the time so given. No time having been given when the motion was overruled and the bill not having been presented within that term, the evidence is not in the record. *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657.

Affirmed.