Roger PRESTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 85A02–9111–CR–496 [1].

Court of Appeals of Indiana,
First District.

Feb. 26, 1992.

Elden E. Stoops, Jr., Daggett, Schlitt & Stoops, North Manchester, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Respondent-appellant Roger Preston (Preston) appeals the revocation of his probation. We find there are four issues raised in this appeal, which we state as:

I. Whether the trial court properly revoked Preston's probation after his probationary period expired.

1. This case diverted to this office by direction of the Chief Judge.

II. Whether the trial court provided notice sufficient to toll Preston's probation until the final determination of his probation violation.

III. Whether the state met its burden of proof to show Preston recklessly, knowingly, or intentionally failed to pay the fines and costs imposed as conditions of probation.

IV. Whether it was proper for the trial court to commit Preston to the department of correction after ordering him to serve the sentence previously suspended.

## FACTS

On April 19, 1986, Preston pled guilty to the charge of attempted burglary, a Class C felony.[2] The trial court sentenced him to the Indiana Department of Correction for a term of five years' imprisonment beginning on April 29, 1986, with two years suspended. After serving only one year, the court placed Preston on a four-year period of probation and Preston in turn agreed to abide by several conditions. The conditions included the requirement that he pay $200.00 in fines, $71.00 in court costs, and $50.00 in initial probation user's fees and $10.00 a month in subsequent probation user's fees.[3]

Although Preston obtained employment in 1990, and had a net income of at least $200.00 per week, he did not pay the $271.00 in fines and costs required by the court, nor did he pay $530.00 in initial and accrued probation user's fees. On April 16, 1991, Preston's probation officer notified the prosecutor that Preston was in arrears on his probation related financial obligations. The state filed a petition for revocation of probation on April 29, 1991, the day his probation expired. By agree-

ment of the parties, a hearing on the petition to revoke probation was held on July 30, 1991. The trial court found that Preston violated the terms of his probation by failing to pay the ordered fees and costs while maintaining an income adequate to make the payments. His probation was revoked, and he was ordered to serve the two-year sentence previously suspended, with credit for the days already served. He now appeals the revocation of his probation and the reinstatement of the two-year suspended sentence.

## DISCUSSION AND DECISION

### I

Preston argues it was impermissible for the trial court to revoke his probation on July 30, 1991, because his probationary period expired before the revocation. Specifically, he asserts that his probation expired on either April 28, 1989, or April 28, 1991.[4] The state did not file a petition to revoke his probation until April 29, 1991, and the trial court did not actually revoke his probation until the hearing on July 30, 1991. Because he was no longer subject to probation on either April 29, 1991, or July 30, 1991, Preston argues the trial court did not have jurisdiction to revoke his probation on either date. We disagree.

IND.CODE 35–38–2–3(a), as enacted by P.L. 67–1990, Sec. 12, and effective July 1, 1990, provided:

(a) The court may revoke a person's probation if:

(1) the person has violated a condition of probation during the probationary period; and

(2) the petition to revoke probation is filed before the earlier of the following:[5]

---

2. IND.CODE 35–43–1–4; IND.CODE 35–41–5–1(a).

3. Preston was also ordered to pay restitution to John Richards Sales and Service, but because the victim is deceased and no living relatives were located, the probation officer did not pursue compliance with the order.

4. We do not agree with Preston that the year his probation expired is in question. The sentenc-

ing order, which was entered on April 29, 1986, clearly states that he was sentenced to a five-year sentence with two years suspended for mitigating circumstances. His probation therefore expired in 1991 and not in 1989.

5. IND.CODE 35–38–2–3(a)(2) was amended by P.L. 214–1991, Sec. 1, with the following changes in bold:

(a) The court may revoke a person's probation if:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

■ We recognize that Preston's probation began on April 29, 1987, which was before the subsection was enacted. Prior to the enactment, no provision existed which gave a trial court jurisdiction to revoke a defendant's probation after his or her probationary period expired. We find the subsection applies to Preston, however, for two reasons. First, and most important, although the general rule of statutory construction is that statutes are to be applied prospectively only, there is an exception for remedial statutes. *State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829, 832. One method this court uses to decide whether a statute is remedial is to look at the mischief the statue seeks to cure. *Id.* "While statutes addressing merely procedural and remedial matters may be applied retroactively, such application is not required." *Id.* (citations omitted).

■ IND.CODE 35–38–2–3(a), as amended effective July 1, 1990, seeks to "preclude a probationer from violating the terms of his probation and then fleeing the jurisdiction until the term of the suspended sentence elapses, thereby thwarting the State's efforts to revoke his probation." *Alley v. State* (1990), Ind.App., 556 N.E.2d 15, 16, *trans. denied.* Because we conclude the subsection is remedial, and in light of the state's strong interest in not allowing a probationer to violate probation and then avoid a suspended sentence simply by leaving the state, we hold that the subsection applies retroactively.

Second, Preston's probation expired after the subsection went into effect. Preston therefore had notice of the new rule while he still had the opportunity to comply with the financial obligations imposed by his probation. If he did not want to be exposed to the court's power to revoke his probation after it expired, he had the chance to pay the required fees and costs.[6] *See Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364 (where second offense was committed after effective date of new penal code, defendant had notice that sentence for second offense would be served consecutively to sentence for first offense).

Preston's probation agreement stated, in relevant part:

23. You shall pay the Clerk of this Court the sum of $200.00 as a fine in this case and the sum of $71.00 in Court

---

(1) the person has violated a condition of probation during the probationary period; and
(2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:
   (A) One (1) year after the termination of probation.
   (B) Forty-five (45) days after the state receives notice of the violation.
The amendment applies only to crimes committed after June 30, 1991. P.L. 214–1991, Sec. 3.

6. In this case, Preston clearly had the opportunity to pay the fees and costs through the last day of his probationary period. Preston testified that his probation officer did not inform the prosecutor that he was in violation of the conditions of his probation until near the end of his probationary period because "she was givin [sic] [him] a chance to get everything caught up." *Record* at 30. We do not suggest, however, that Preston necessarily had to be given until the last day of his probationary period to satisfy the conditions of his probation.

In *White v. State* (1990), Ind., 560 N.E.2d 45, our supreme court affirmed the trial court's order to revoke White's probation 23 days before his period of probation expired. The trial court found White had not complied with his probation officer's instructions regarding 10 days of alternative service he was required to serve as a condition of probation. Although there was still time for White to serve the 10 days, our supreme court affirmed the trial court's authority to revoke White's probation after White failed to show he could conform his conduct in the manner prescribed by the court. The supreme court explained that the court's authority to revoke probation would have no meaning if the judge was not given "an opportunity to look at the progress of the defendant before the expiration of his term and reassess his judgment of allowing [the] defendant to remain on probation." *Id.* at 46.

Similarly, failing to comply with the payment schedule established by a probation officer is grounds for revoking probation before the period of probation expires. In this case, however, the record reveals that Preston's probation officer provided him with a great deal of flexibility when making his payments.

costs, payable as directed by the Probation Officer.

....

25. You shall pay the Clerk of this Court an initial Probation users fee of $50.00 and a monthly fee of $10.00, to be paid beginning 14 days from this date, or 14 days from the date of your release from incarceration.

*Record* at 19. The record reveals that Preston's probation officer did not impose a rigid payment schedule on Preston. Preston flaunted the leniency and did not pay the fees and costs, however, and on April 16, 1991, Preston's probation officer notified the prosecutor that Preston had violated conditions of his probation. On April 29, 1991, 13 days later, the prosecutor filed a petition to revoke Preston's probation.[7] The state, therefore, petitioned the court to revoke Preston's probation well before the earlier of one year after his probation expired or 45 days after it received notice that Preston had failed to comply with a condition of probation. Accordingly, under IND.CODE 35–38–2–3(a), Preston was subject to the state's power to revoke his probation after his probationary period expired. The revocation on July 30, 1991, was timely, and the trial court still had jurisdiction over Preston.

## II

Preston also argues that the state did not successfully toll the period of his probation until final determination of the probation violation because the court failed to issue a summons or a warrant as required by IND.CODE 35–38–2–3(b) and (c). These subsections state:

(b) When a petition is filed charging a violation of a condition of probation, the court may:

(1) order a summons to be issued to the person to appear; or

(2) order a warrant for the person's arrest if there is a risk of the person's fleeing the jurisdiction or causing harm to others.

(c) The issuance of a summons or warrant tolls the period of probation until the final determination of the charge.

If the trial court did not comply with IND.CODE 35–38–2–3(b), and did not toll the period of Preston's probation pursuant to IND.CODE 35–38–2–3(c), then the trial court lost jurisdiction over Preston and was powerless to reinstate the sentence previously suspended. *See White, supra,* at 46 (once term of probation has expired, court loses jurisdiction over defendant). Nonetheless, when a defendant, without objection, appears before the trial court and submits himself to the court's jurisdiction, that defendant may not later complain the court did not have jurisdiction over him. *Neely v. State* (1924), 194 Ind. 667, 669–670, 142 N.E. 852, 853. Because Preston did not object at the hearing to the court's jurisdiction over him, he has waived the issue. *Id.*

Even if Preston did not waive the issue, however, we find no evidence in the record to support his assertion that the state failed to order a summons or a warrant tolling the period of his probation. Admittedly, the record, as submitted by Preston, does not contain a copy of a summons or warrant issued by the trial court. Preston testified at his probation revocation hearing, however, that he received notice of the hearing, and his appearance at the hearing supports the same. His testimony satisfies this court that the trial court complied with IND.CODE 35–38–2–3(b). The trial court accordingly had jurisdiction over Preston when on July 30, 1991, it reinstated the sentence previously suspended.

## III

Next, Preston complains that the state failed to meet its burden of proof regarding his failure to meet the financial

7. We agree with Preston that it is somewhat ambiguous whether his probationary period expired on April 28 or April 29, 1991. We do not need to answer this question, however. Under the version of IND.CODE 35–38–2–3(a)(2) applicable in this case, the only considerations are whether the state petitioned the court to revoke probation "before the earlier of the following: (A) One (1) year after the termination of probation. (B) Forty-five (45) days after the state receives notice of the violation." P.L. 67–1990, Sec. 12; *See supra* note 5, at 1274.

obligations imposed as a condition of his probation. At a probation revocation hearing, the state must prove the defendant violated a condition of probation by a preponderance of the evidence. IND.CODE 35–38–2–3(e); *Justice v. State* (1990), Ind. App., 550 N.E.2d 809, 810. Furthermore, before the court may revoke a defendant's probation for failing to comply with financial obligations made a condition of probation, the state must prove "the person recklessly, knowingly, or intentionally fail[ed] to pay." IND.CODE 35–38–2–3(f). This is the burden Preston asserts the state did not meet. In essence, he claims the evidence was insufficient to prove he recklessly, knowingly, or intentionally failed to pay his court costs and probation user's fees. We disagree.

When reviewing a claim of insufficient evidence in a probation revocation proceeding, we apply the same standard used in any other sufficiency question. *Bryce v. State* (1989), Ind.App., 545 N.E.2d 1094, 1099, *trans. denied.* "We consider only the evidence most favorable to the state, together with all reasonable inferences flowing therefrom...." *Id.* (citation omitted).

IND.CODE 35–41–2–2 defines "intentionally," "knowingly," and "recklessly" as follows:

> (a) A person engages in conduct "intentionally" if when he engages in the conduct, it is his conscious objective to do so.
> (b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.
> (c) A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.

■ At the revocation hearing, Preston testified that he obtained employment with GenCorp in 1990, and his net pay was at least $200.00 every week. Although he was laid off from January 11, 1991, until March 11, 1991, and then for an additional week sometime later, there was no evidence that he did not receive pay checks during the rest of his employment. The trial court found that Preston maintained an adequate income to make the payments.

When questioned about why he did not fulfill his financial obligations to the court, Preston responded that "at that time I owed some bills and they was takin [sic] child support out. They take child support out each week, outta my check." *Record* at 30. Preston also stated that he talked with his probation officer about the money before his probationary period expired, and she was giving him "a chance to get everything caught up." *Record* at 30. On April 16, 1991, the probation officer reported to the prosecutor that Preston had failed to pay the required fees and costs, and on April 29, 1991, the state petitioned the court to revoke Preston's probation. Preston admitted that he received notice of the revocation hearing to address his failure to pay, but he still did not fulfill his obligations. This evidence was more than sufficient to show by a preponderance of the evidence that Preston recklessly, knowingly, or intentionally failed to pay the court costs and probation user's fees imposed as a condition of his probation. Meeting these financial obligations apparently was not important to him.

### IV

■ Finally, we address the permissibility of committing Preston to the custody of the department of correction after ordering him to serve the sentence previously suspended. This court has recognized that appellate courts have the duty to bring improper sentences into compliance with the law. *Devaney v. State* (1991), Ind. App., 578 N.E.2d 386, 389.

At the hearing on Preston's probation revocation, the trial court found that Preston had failed to pay the court costs and probation user's fees made a condition of his probation. As a result of the violation, the trial court revoked Preston's probation and ordered him to serve his two-year suspended sentence, with 81 days credit for time served. The court recommended that Preston enter the work-release program

and serve the sentence at the Wabash County jail. If he did not qualify for work-release, however, he was to be committed to the Indiana Department of Correction.

■ We address this issue because the final instruction in the trial court's order violates IND.CODE 35–38–2–3(j), which mandates that "[f]ailure to pay fines or costs required as a condition of probation may not be the sole basis for commitment to the department of correction."[8] Preston's probation was revoked solely because of his failure to pay court costs and probation user's fees.[9] Accordingly, in the event that Preston does not qualify for work-release, the Indiana Department of Correction does not have to accept custody of him as ordered by the court.

We remand to the trial court with instructions to vacate that part of the order that requires Preston to be placed in custody of the Indiana Department of Correction for execution of judgment. In all other things the order of revocation is affirmed.

RATLIFF, C.J., and BARTEAU, J., concur.

---

8. IND.CODE 35–38–2–3(j) does not specifically enumerate fees, but we hold they are included with fines and costs under the statute. Because we are not faced with restitutionary sums, we reserve for another day the question of whether they too are included under the statute.

9. Although the trial judge also stated that the file revealed Preston had allegedly committed at least three prior probation violations, the other violations were not proved at this hearing. Accordingly, the trial court revoked Preston's probation on July 30, 1991, based solely on his failure to pay the court costs and probation user's fees.